1

| In re:<br>Reglas para Casos Civiles de Litigación Compleja | 99 TSPR 111 |
|---|---|

Número: ER-1999-0007

Fecha: 6/30/1999

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

In re:

Reglas para Casos Civiles de
Litigación Compleja


## RESOLUCIÓN

San Juan, Puerto Rico a   30   de junio de 1999.

La   eficiencia en la administración o el manejo judicial de los casos, como parte de la delicada labor de impartir justicia, cobra la mayor importancia cuando se trata de la litigación de un caso complejo. Según hemos explicado:

> " [l]os llamados casos complejos constituyen un reto a nuestro sistema judicial, y en particular al ordenamiento procesal moderno. Estos casos se caracterizan por tener múltiples partes y controversias de hecho o de derecho complejas y técnicas. Su manejo requiere remedios extraordinarios y órdenes particulares que reglamenten la conducta procesal de las partes y atiendan adecuadamente las reclamaciones de millonarias sumas de dinero que suelen caracterizar estos litigios. A la par que nuestra sociedad crece y se

desarrolla, este tipo de caso aumenta. Los problemas que surgen de la explosión urbana, industrial, científica y₃tecnológica desafían los esquemas adjudicativos vigentes. Es ineludible el deber de los tribunales de acoplarse a esta nueva realidad. La forma tradicional de resolución de disputas resulta inadecuada para la litigación compleja. A este reto los tribunales tienen que enfrentarse de forma decidida e imaginativa adaptando los mecanismos procesales existentes y haciendo uso activo de todos los recursos que tienen a su disposición. Hay que estructurar los mecanismos procesales necesarios para adjudicar pronta y adecuadamente este nuevo tipo de controversias".

Vellón v. Squibb Mfg., Inc. 117 D.P.R. 838, 847 (1986) Véase además, Amaro González v. First Federal Savings Bank, 132 D.P.R. 1042, 1055 (1993); Ortiz Rivera v. E.L.A., National Ins. Co., 125 D.P.R. 65, 69 (1989) y Vives Vázquez v. E.L.A., Op. del 17 de diciembre de 1996, 142 D.P.R. ____ (1996); 96 J.T.S. 164.

El manejo o la administración judicial del caso complejo ha sido objeto de estudio por este Tribunal

desde hace poco más de una década. Precisamente, el 3 de mayo de 1989 mediante resolución, aprobamos el uso discrecional por los jueces y las juezas del Tribunal de Primera Instancia de las <u>Guías para Dirigir la Fase del Descubrimiento de Prueba en Casos Complejos</u> que fueron consideradas durante la Conferencia Judicial de marzo de 1988.

El 16 de marzo de 1998, mediante resolución, nombramos un Comité Especial para que preparara un proyecto de reglas procesales para casos complejos. A su vez, se le encomendó al Secretariado de la Conferencia Judicial que estudiara el asunto y nos presentara sus recomendaciones.

Estudiados y analizados los informes y proyectos correspondientes, se aprueban las Reglas para Casos Civiles de Litigación Compleja que se unen a esta resolución. Estas reglas entrarán en vigor inmediatamente y serán evaluadas durante un período de dos (2) años para determinar su efectividad e identificar las áreas que deban ser objeto de revisión. En los casos en los que se utilicen éstas, los jueces y las juezas del Tribunal de Primera Instancia, los abogados y las abogadas, así como las partes podrán presentarle al Tribunal Supremo, a través del Secretariado de la Conferencia Judicial, las recomendaciones que estimen pertinentes para evaluar las reglas, modificar su aplicación o añadir nuevos procedimientos.

Se ordena la publicación de esta Resolución.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo

# Í N D I C E

**PARTE I.  REGLAS PARA CASOS        5CIVILES DE LITIGACIÓN COMPLEJA**

Regla 1.  Título – Base Legal

Regla 2.  Propósito, Alcance e Interpretación

Regla 3.  Definiciones

   A.   Reglas

   B.   Casos Civiles de Litigación Compleja

   C.   Guías para el Descubrimiento de Pruebas en Casos Complejos

   D.   Asunto de interés común

   E.   Asunto de interés particular o individual

   F.   Comités Timón de Abogados o Abogadas de las Partes

   G.   Abogados  o Abogadas de las Partes Individuales

   H.   Jueza o Juez Designado

Regla 4.  Determinación de Caso Civil de Litigación Compleja

   A.   Uno o más casos de una región judicial

   B.   Varios casos en distintas regiones judiciales

   C.   Presentación de la solicitud o moción

   D.   Certiorari

Regla 5.  Criterios para la Determinación de Caso Civil de Litigación

Regla 6.  Término para la Determinación de Caso Civil de Litigación Compleja

Regla 7. Autoridad de la Jueza Designada o del Juez Designado

Regla 8. Pleitos de Clase; Consolidación; Juicios por Separado

Regla 9. Comités Timón de Abogados o Abogadas de las Partes; Designación y Remuneración

Regla 10. Deber de Representación de los Comités Timón

Regla 11. Obligaciones de los Abogados o Abogadas de las Partes Individuales

Regla 12. Conferencias

    1. Conferencia Inicial

    2. Conferencia de Seguimiento

    3. Conferencia Final

Regla 13. Depósito Central de Documentos

Regla 14. Notificación Limitada de Escritos: Requisitos de Forma

Regla 15. Notificaciones del Tribunal

Regla 16. Presentación de Apelaciones o Recursos de Certiorari

Regla 17. Contenido del Escrito de Apelación o Recurso de Certiorari

    A. Identificación de Caso Civil de Litigación Compleja

    B. Designación de Partes

   C.  Designación de los Abogados o de las

Abogadas de la Partes

   D.  Número de $^7$ Páginas

   E.  Apéndice

Regla 18. Panel Especial ante el Tribunal de Circuito de

   Apelaciones

Regla 19. Vigencia

**Reglas para Casos Civiles de Litigación Compleja**

## Regla 1. Título – Base Legal

Estas reglas se conocerán y se citarán como Reglas para Casos Civiles de Litigación Compleja. Se adoptan de conformidad con la autoridad concedida a este Tribunal por la sección 4 del Artículo V de la Constitución del Estado Libre Asociado de Puerto Rico, por la Regla 71 de las Reglas de Procedimiento Civil, por la Regla 50 del Reglamento del Tribunal Supremo; y en virtud de nuestro poder inherente para establecer procedimientos judiciales necesarios para facilitar la administración de la justicia.

## Regla 2. Propósito, Alcance e Interpretación

Estas reglas tienen el propósito de establecer el trámite procesal de todo procedimiento de naturaleza civil incoado en la jurisdicción del Estado Libre Asociado de Puerto Rico y que sea declarado como un caso civil de litigación compleja. Las mismas servirán como normas supletorias a las Reglas de Procedimiento Civil, al Reglamento del Tribunal de Circuito de Apelaciones y al Reglamento del Tribunal Supremo. Nada de lo aquí dispuesto tendrá el efecto de extender los términos jurisdiccionales y los de estricto cumplimiento establecidos por ley o reglamento.

Se interpretarán de conformidad con el propósito de la Regla 1 de las Reglas de Procedimiento Civil, 32 L.P.R.A. R.1, de modo que garanticen una solución justa, rápida y económica de todo asunto relacionado con el trámite de los casos civiles de litigación compleja.

## Regla 3. Definiciones

A menos que otra cosa se especifique en estas reglas los términos usados tendrán el significado que a continuación se presentan:

(A) *Reglas* – Reglas para Casos Civiles de Litigación Compleja.

(B) *Casos Civiles de Litigación Compleja* – Todo caso civil cuyas circunstancias requieran un manejo judicial especializado que sea declarado como tal, según lo establecido en las Reglas 4 y 5, con el objetivo de evitarle cargas innecesarias a los litigantes o al tribunal y permitir una administración judicial eficiente del trámite procesal.

(C) *Guías para el Descubrimiento de Prueba en Casos Complejos* – "Las Guías Propuestas para Dirigir la Fase del Descubrimiento de Prueba en Casos Complejos", sometidas al Tribunal Supremo del Estado Libre Asociado de Puerto Rico en la Conferencia Judicial de mayo de 1988, cuya utilización discrecional por el Tribunal de Primera Instancia fue aprobada mediante Resolución del Tribunal Supremo de 3 de mayo de 1989.

(D) *Asunto de interés común* – Todo asunto que no es privativo o exclusivo, sino compartido por un grupo sustancial de demandantes, demandados o demandadas, o por todos.

(E) *Asunto de interés particular o individual* – Todo asunto que es privativo o exclusivo de una parte o de un grupo reducido de partes.

(F) *Comités Timón de Abogados o Abogadas de las Partes* – El grupo o grupos de abogadas o abogados designados por el tribunal que defenderán y representarán los intereses comunes de las partes en todos los procedimientos judiciales de litigación compleja.

(G) *Abogados o Abogadas de las Partes Individuales* – Aquellos abogados o aquellas abogadas que representan a una parte o a un interés individual.

(H) *Jueza o Juez Designado* – Jueza o Juez del Tribunal de Primera Instancia nombrado por el Juez Presidente del Tribunal Supremo para que dirija todos los procedimientos relacionados con los casos de litigación compleja.

**Regla 4. Determinación de Caso Civil de Litigación Compleja**

**(A) Uno o más casos de una región judicial**

Cuando se trate de uno o más casos de una región judicial, un Juez o una Jueza del Tribunal de Primera Instancia, motu proprio o a instancia de parte mediante moción, puede solicitar que el caso se tramite como un caso civil de litigación compleja. El Juez o la Jueza del Tribunal de Primera Instancia referirá el asunto a la Jueza Administradora o al Juez Administrador de la Región Judicial para su oportuna determinación.

**(B) Varios casos en distintas regiones judiciales**

Cuando se trate de varios casos en distintas regiones judiciales, la solicitud podrá presentarse motu proprio por un Juez o una Jueza del Tribunal de Primera Instancia, o a solicitud de parte mediante moción. Las Juezas Administradoras o los Jueces Administradores remitirán las solicitudes al Juez Presidente. El Juez Presidente designará una Jueza Administradora o un Juez Administrador de cualquiera de las regiones judiciales de que se trate para que haga la determinación de caso complejo. Hecha la determinación de caso complejo el Juez Presidente designará la Jueza o el Juez del Tribunal de Primera Instancia que atenderá el caso.

**(C) Presentación de la solicitud o moción**

Toda solicitud para que se determine el caso como uno de litigación compleja deberá presentarse antes de que concluya el descubrimiento de prueba, salvo circunstancias excepcionales.

**(D) Certiorari**

La determinación o resolución de la Jueza Administradora o del Juez Administrador podrá ser revisada mediante recurso de *Certiorari* por el Tribunal de Circuito de Apelaciones.

**Regla 5   Criterios para la Determinación de Caso Civil de Litigación**
**Compleja**

La Jueza Administradora o el Juez Administrador de la Región Judicial a quien se le haya referido una solicitud o moción bajo la Regla 4, determinará si un caso civil es de litigación compleja luego de citar a las partes a una vista, de ponderar los méritos del caso de acuerdo con las alegaciones y a la luz de la totalidad de las circunstancias particulares del caso. Además, tomará en consideración uno o más de los criterios que se exponen a continuación.

1. multiplicidad de partes;

2. multiplicidad de alegaciones o defensas;

3. multiplicidad de testigos disponibles para el juicio;

4. volumen extenso de evidencia;

5. necesidad de peritaje;

6. presencia de intrincadas controversias de hechos o de derecho que exigen prueba documental y testifical abundante o inusual;

7. naturaleza compleja del remedio o de los remedios reclamados;

8. complejidad en la etapa apelativa;

9. casos certificados por el Tribunal de Primera Instancia como pleitos de clase;

10. tipo de caso: casos de responsabilidad civil por productos defectuosos ("product liability");

11. intensidad de la actividad en la etapa preliminar al juicio;

12. controversias de carácter novel;

13. casos de responsabilidad civil como consecuencia de desastres naturales, eventos

atmosféricos, catastróficos o desastres provocados;

14. cualquier otro[12] factor que fomente la necesidad de una administración o manejo judicial temprano y organizado para evitar retrasos y cargas innecesarias a las partes y al sistema judicial.

## Regla 6   Término para la Determinación de Caso Civil de Litigación Compleja

La determinación de un caso civil como uno de litigación compleja deberá emitirse por la Jueza Administradora o el Juez Administrador del Tribunal de Primera Instancia dentro de los treinta (30) días siguientes a la presentación de la petición *motu proprio o* a instancia de parte, solicitando que el caso sea declarado como uno de litigación compleja.  Dicho término no será prorrogable, salvo justa causa.

## Regla 7   Autoridad de la Jueza Designada o del Juez Designado

La litigación de los distintos asuntos deberá conducirse bajo un control y supervisión judicial cuidadoso.  La Jueza Designada o el Juez Designado estará a cargo de la supervisión de todos los procedimientos y de la resolución del caso complejo.  La Jueza Designada o el Juez Designado tendrá un rol activo durante el curso de la litigación del caso.  Deberá ser creativo en la formulación de órdenes necesarias para el manejo efectivo de este.  Promoverá un ambiente que propenda a la solución de conflictos entre las partes.  Podrá referir el caso complejo o cualquiera de sus controversias, en cualquier etapa de los procedimientos, a algún interventor neutral de acuerdo con el Reglamento de Métodos Alternos para la Solución de Conflictos, aprobado por el Tribunal Supremo de Puerto Rico, el 25 de junio de 1998 o podrá utilizar el recurso de comisionado especial bajo la Regla 41 de las Reglas de Procedimiento Civil.

**Regla 8   Pleitos de Clase; Consolidación; Juicios por Separado**

Nada de lo aquí dispuesto será óbice para que la Jueza Designada o el Juez Designado certifique el caso complejo como un pleito de clase, de acuerdo con la Regla 20 de las Reglas de Procedimiento Civil; consolide pleitos que comprendan cuestiones comunes de hechos o de derecho de acuerdo con la Regla 38.1 de las Reglas de Procedimiento Civil; ordene juicios por separado de cualesquiera alegaciones: demandas, demandas contra coparte, reconvenciones, demandas contra tercero, o de cualesquiera cuestiones litigiosas independientes de acuerdo con la Regla 38.2 de las Reglas de Procedimiento Civil; o dicte aquellas órdenes que tiendan a evitar gastos innecesarios o dilación de los procedimientos.

**Regla 9   Comités Timón de Abogados o Abogadas de las Partes:  Designación y Remuneración**

La Jueza Designada o el Juez Designado del Tribunal de Primera Instancia determinará mediante Resolución:

(A) los Comités Timón de abogados o abogadas de las partes demandantes y demandadas que a su sano juicio y discreción entienda necesario para la debida y adecuada representación legal de los intereses comunes de las partes demandantes y demandadas.  Al hacer dicha determinación, la Jueza Designada o el Juez Designado podrá solicitar de las partes la información que estime pertinente y utilizar a su discreción las Guías para el Descubrimiento de Prueba en Casos Complejos;

(B) los miembros individuales de dichos Comités Timón de entre las representaciones legales de las diversas partes.  Al hacer dicha determinación, la Jueza Designada o el Juez Designado podrá solicitar de las partes la información que estime pertinente y se asegurará que las abogadas designadas o los abogados designados representan razonablemente los diversos intereses presentes en el litigio.  También se asegurará que las calificaciones, organización, recursos y compromisos de las

abogadas designadas o los abogados designados le permitirán cumplir con las obligaciones. Salvo en casos extraordinarios cada comité no deberá exceder de cinco (5) miembros;

(C) la manera mediante la cual se habrá de valorar y pagar la remuneración a los miembros individuales de dichos Comités Timón por los servicios profesionales y costos incurridos en la debida y adecuada representación legal de los intereses comunes de las partes que componen sus respectivos grupos. La Jueza Designada o el Juez Designado podrá imponer requisitos precisos en torno a los registros de horas trabajadas y gastos incurridos por las abogadas o los abogados designados, así como, establecer guías, métodos o limitaciones que gobiernen la concesión de los honorarios. Al hacer dicha determinación, la Jueza Designada o el Juez Designado podrá solicitar de las partes la información que estime pertinente. Queda reservada la facultad de las partes para estipular entre sí la manera mediante la cual se habrá de valorar y pagar dicha remuneración a los miembros individuales de los Comités Timón de abogados o abogadas, siempre y cuando no contravengan la ley, la moral o el orden público. Dicho acuerdo estará sujeto a la aprobación del tribunal. En todo caso queda reservada la facultad al tribunal para modificar mediante resolución cualesquiera de las anteriores designaciones y determinaciones en aquellos casos que entienda apropiado.

(D) Toda resolución dictada por la Jueza Designada o el Juez Designado en virtud de esta regla deberá ser notificada a todas las partes del pleito, de conformidad con lo dispuesto por las Reglas de Procedimiento Civil vigentes.

## Regla 10. Deber de Representación de los Comités Timón

La participación de las abogadas designadas o de los abogados designados como integrantes de un Comité Timón requiere de un meticuloso ejercicio de sus obligaciones como consejeros o consejeras legales de las partes representadas y como funcionarios o funcionarias del tribunal. Por lo cual, estos o estas tendrán los siguientes deberes:

(A) Cooperar diligentemente en todo requerimiento legítimo del tribunal para el adecuado manejo del caso.

(B) Defender adecuadamente los intereses comunes de las partes, según definidos en estas Reglas, en todos los procedimientos ante el tribunal. Los escritos que presenten y adelanten intereses comunes serán firmados solo por los integrantes del Comité Timón. Dichas firmas equivaldrán a certificar que han leído el escrito y que de acuerdo con su mejor conocimiento, información y creencia está bien fundado y no ha sido interpuesto para causar demora u opresión. Cuando un asunto sea de interés particular o individual, los integrantes del Comité Timón deberán certificar este hecho a los abogados o las abogadas de las partes concernidas, quienes podrán asumir el trámite judicial de tales asuntos.

(C) Mantener una lista actualizada de los nombres de todos los abogados o las abogadas y de las partes que componen los respectivos grupos con su dirección postal y los nombres y la dirección postal de las partes que no tienen representación legal individual. El Comité Timón deberá presentar junto a su primer escrito esta lista actualizada. Será deber del Comité Timón informar al tribunal de los cambios ocurridos en la misma.

**Regla 11. Obligaciones de los Abogados o Abogadas de las Partes Individuales**

(A) Será obligación de todos los abogados o las abogadas del caso mantener una estrecha comunicación con sus respectivos Comités Timón y cooperar diligentemente en todo requerimiento legítimo de éstos, en atención y protección de los derechos comunes de la parte individual representada por estos o estas.

(B) En aquellos casos en los cuales los integrantes de un Comité Timón hayan certificado un asunto como de interés particular o individual, las representaciones legales de las partes individuales serán responsables del trámite judicial del mismo.

(C) Queda reservada la facultad del tribunal para, a instancia propia o a solicitud de parte interesada, permitir que cualquier abogado o abogada[16]individual tramite un asunto que no sea común, sino particular o individual de su representado o representada.

(D) Será obligación de las representaciones legales que presenten cualquier escrito ante el tribunal, informar de forma expedita sobre posibles conflictos de intereses e incluir aquella información pertinente a la posible recusación de algún juez o alguna jueza. Cualquier moción de recusación deberá ser interpuesta tan pronto los miembros del Comité Timón advengan en conocimiento de la composición del tribunal.

## Regla 12. Conferencias

(A) El tribunal celebrará un mínimo de tres (3) conferencias con antelación a juicio:

### 1. Conferencia Inicial

La Jueza Designada o el Juez Designado citará a los representantes legales de las partes o al Comité Timón seleccionado para una Conferencia Inicial a celebrarse dentro de treinta (30) días de la designación de aquel o aquella por el Juez Presidente.

Los abogados o las abogadas deberán prepararse para cubrir los siguientes aspectos:

a) estipulación de hechos;

b) posible consolidación o separación de causas;

c) posible acumulación de otras reclamaciones u otras partes al pleito;

d) plan y calendarización del descubrimiento de prueba;

e) expedición de órdenes protectoras;

f) posibilidad de referir alguna de las causas a interventores neutrales, de acuerdo con el Reglamento de Métodos Alternos para la Solución de Conflictos, aprobado por el Tribunal Supremo, el 25 de junio de 1998; o nombrar un Comisionado especial de conformidad con la Regla 41 de las Reglas de Procedimiento Civil;

g) designación de los Comités Timón de las partes demandantes y demandadas (de no haber sido designados anteriormente);

h) intercambio de documentos;

i) lista de deponentes;

j) calendarización de las próximas conferencias;

k) cualquier otro asunto que ameriten las circunstancias particulares del caso.

## 2. Conferencia de Seguimiento

Se celebrará en un término razonable a partir de la Conferencia Inicial, el cual no debe exceder de seis (6) meses, salvo justa causa. En la Conferencia de Seguimiento la Jueza Designada o el Juez Designado puede darle seguimiento a los asuntos ya iniciados en la Conferencia Inicial, simplificar algunas controversias y expedir órdenes que faciliten el manejo eficaz y la pronta solución del caso.

## 3. Conferencia Final

Es la última conferencia con antelación al juicio. Se celebrará en una fecha cercana al juicio, siempre y cuando las circunstancias particulares del caso lo permitan. En esta conferencia las partes podrán formular el plan para el juicio, incluyendo un programa para facilitar la admisión de evidencia.

(B) La asistencia de los abogados o las abogadas de las partes o los integrantes de cada Comité Timón a dichas Conferencias será compulsoria.

(C) Las conferencias tendrán los siguientes propósitos: establecer un control oportuno y continuo por parte de la Jueza o del Juez; explorar de forma global el litigio y guiarlo a su más pronta conclusión; simplificar los asuntos procesales; planificar los procedimientos a seguir en el caso; delimitar los asuntos sustantivos traídos a la consideración del Tribunal y considerar asuntos tales como, la legitimación activa o pasiva, finalidad de una decisión o la jurisdicción del Tribunal. En cada una de las conferencias la Jueza Designada o el Juez Designado deberá establecer la fecha de la próxima conferencia o la fecha del juicio.

(D) Nada de lo dispuesto en esta Regla impide que el Tribunal, a instancia propia o a solicitud de parte, fije y ordene la celebración de conferencias periódicas con el propósito de dar seguimiento y supervisar las órdenes previamente dictadas, y disponer de cualquier asunto que requiera la intervención y adjudicación del Tribunal, así como mantener la administración y manejo judicial continuo del caso.

## Regla 13. Depósito Central de Documentos

La Jueza Designada o el Juez Designado, con la anuencia de los abogados o las abogadas de las partes o de los Comités Timón, podrá establecer, de considerarlo necesario, un depósito central de los documentos relacionados con los casos, de ser estos voluminosos.

El tribunal podrá designar el lugar o los lugares que considere apropiado para tales propósitos, incluyendo la posibilidad de establecer depósitos por separado. Cada depósito tendrá una máquina fotocopiadora disponible para el uso de los abogados y sus empleados o ayudantes.

La parte que produzca documentos a requerimiento de otra, bien sea por solicitudes formales o informales, deberá archivarlos en el depósito correspondiente, en secuencia, según el número que le corresponda. Los documentos serán organizados en grupos o categorías debidamente identificados. Los documentos que no puedan ser

organizados de la manera antes descrita, deberán ser ordenados en la mejor forma posible.

Los abogados de las partes y su personal autorizado tendrán acceso razonable durante horas laborables a cualquier documento archivado en el depósito o los depósitos que así se dispongan. Estos podrán inspeccionar y obtener duplicados de los documentos que así interesen con la obligación de sufragar los gastos que se incurran en la reproducción. Será deber de los abogados el mantener un registro actualizado de todas las personas que tengan acceso al depósito, y no se podrá retirar documento alguno, salvo por orden del tribunal.

El acceso al depósito o depósitos de documentos estará sujeto a los límites y requisitos de la orden u órdenes protectoras que el tribunal emita con respecto a los documentos e información clasificada como confidencial.

El tribunal, en el ejercicio de su discreción, podrá imponer a las partes la carga económica que represente el establecer y administrar el depósito central de documentos.

## Regla 14. Notificación Limitada de Escritos: Requisitos de Forma

(A) La parte notificará a todas las partes, de todo escrito que presente de conformidad con lo dispuesto por los reglamentos aplicables, con las siguientes excepciones:

(1) Cuando se trate de un **asunto de interés común** todo escrito que sea presentado por los miembros de uno de los Comités Timón será notificado solamente a los miembros del Comité Timón que representa al grupo contrario.

(2) Cuando se trate de un **asunto de interés particular** de pocas partes o individual de una parte todo escrito que sea presentado por las partes será notificado solamente a los miembros del Comité Timón del grupo al que pertenece, a los miembros del Comité Timón que representa al grupo contrario y a cualquier otra parte concernida.

(B) La notificación requerida por los subincisos (1) y (2) de esta Regla se hará mediante entrega personal, por correo o por correo certificado con acuse de recibo, cuando así sea requerido por el ordenamiento procesal aplicable, de una copia del escrito a cada uno de los integrantes de los comités o a los abogados o las abogadas de las partes. Los miembros de cada Comité Timón serán responsables de dar aviso de toda presentación a cada una de las partes que componen su respectivo grupo dentro de las cuarenta y ocho (48) horas siguientes de presentado su escrito o recibida la notificación, según sea el caso. Dicho aviso se hará mediante moción, a titularse "Notificación de Aviso de Presentación de Escritos", notificada a todos los abogados o las abogadas de las partes individuales. En el mismo se especificará: (1) el título exacto y la fecha de la moción que se radicó; (2) la parte que la origina; (3) una transcripción literal de la súplica; y (4) una advertencia de que cualquiera de los abogados o las abogadas de las partes individuales podrá inspeccionar copia del mismo en las oficinas de cualesquier miembro del Comité Timón de su correspondiente grupo, previa cita al efecto.

(C) La notificación y el aviso, así hechos, se considerarán suficientes para todos los componentes individuales del grupo de partes que representan dichos comités.

(D) Nada de lo aquí dispuesto tendrá el efecto de variar o extender los términos jurisdiccionales o de estricto cumplimiento establecidos por ley o reglamento.

## Regla 15. Notificaciones del Tribunal

(A) Toda sentencia del tribunal será notificada a todos los abogados o las abogadas de las partes concernidas de la lista actualizada preparada por los Comités Timón.

(B) Toda orden o resolución interlocutoria del tribunal será notificada solamente a los miembros de los Comités Timón. Los integrantes de cada Comité Timón así notificados serán responsables de dar aviso de la notificación a cada parte que compone su respectivo grupo,

dentro de las cuarenta y ocho (48) horas siguientes al recibo de la notificación del tribunal. Dicho aviso se hará mediante escrito, a titularse "Notificación de Aviso de Resolución", notificada a todos los abogados o las abogadas de las partes individuales. En el mismo se especificará: (1) la fecha en que se emite la resolución del tribunal; (2) la fecha del archivo en autos de la notificación del tribunal; (3) una descripción fiel de la orden o disposición del tribunal; y, (4) una advertencia de que cualquiera de los abogados o las abogadas de las partes individuales podrá inspeccionar copia de la resolución en las oficinas de cualquier miembro del comité timón de su correspondiente grupo, previa cita al efecto.

(C) La notificación a los miembros del Comité Timón se entenderá hecha también, a todos los componentes individuales del grupo de partes que representa dicho Comité.

(D) Queda reservada la facultad del tribunal para ordenar, a iniciativa propia o a solicitud de parte, que cualquier orden o resolución interlocutoria sea notificada a cualquier otra persona que a su discreción estime necesario, incluyendo a todos los abogados o las abogadas individuales o las partes del grupo o grupos concernidos.

**Regla 16. Presentación de Apelaciones o Recursos de _Certiorari_**

(A) En aquellos **asuntos de interés común**, las apelaciones y recursos de _Certiorari_ contra sentencias finales y resoluciones interlocutorias, se presentarán por el Comité Timón de las partes afectadas, dentro de los términos dispuestos por ley, por las Reglas de Procedimiento Civil, por el Reglamento del Tribunal de Circuito de Apelaciones y por el Reglamento del Tribunal Supremo.

(B) En aquellos **asuntos de interés particular**, será obligación del abogado o de la abogada de la parte individual afectada presentar la apelación o recurso de _Certiorari,_ dentro de

los términos dispuestos por ley, por las Reglas de Procedimiento Civil, por el Reglamento del Tribunal de Circuito de Apelaciones y por el Reglamento del Tribunal Supremo.

(C) Las partes deberán limitar la presentación de recursos ante el foro apelativo a decisiones finales del tribunal. Los recursos para revisar resoluciones interlocutorias solo se considerarán cuando la decisión o resolución recurrida:

(1) trate sobre un asunto de derecho que controla el trámite del caso sobre el cual existen diferencias de interpretación significativas y la petición de revisión ante el foro apelativo puede simplificar la litigación o facilitar el manejo judicial del caso, o

(2) amerite una consideración detenida para el análisis del problema y la etapa del procedimiento en la que se presenta resulta la más propicia para su consideración, o

(3) pueda considerarse como que pone fin a una reclamación distinta y separable de otras reclamaciones litigadas en el caso, o

(4) trate sobre un interdicto y se demuestre que la decisión del tribunal puede razonablemente provocar daños serios e irreparables, o

(5) incluye una determinación expresa y clara de que no existe causa que justifique una dilación en la presentación de un recurso apelativo en su contra o una indicación expresa de que la decisión merece revisarse con premura o,

(D) Nada de lo dispuesto en el inciso C de esta regla impedirá que se revisen decisiones interlocutorias que afecten cualquier derecho sustantivo de alguna parte.

**Regla 17. Contenido del Escrito de Apelación o Recurso de *Certiorari***

El contenido del escrito de apelación o del recurso de *Certiorari* se ajustará a lo dispuesto

por el Reglamento del Tribunal de Circuito de Apelaciones o el Reglamento del Tribunal Supremo, según sea el caso, con las siguientes salvedades:

(A) *Identificación de Caso Civil de Litigación Compleja* – El epígrafe de toda apelación o recurso especificará debajo del Número del Caso, que se trata de un caso civil de litigación compleja.

(B) *Designación de partes* – En el epígrafe bastará con escribir el nombre de la parte demandante y demandada del caso de la parte demandante y demandada del caso matriz, de tratarse de más de un caso consolidado, designándolos como apelante y apelado o peticionario y recurrido, según sea el caso. Si se tratare de una apelación o de un recurso de *Certiorari* de un asunto de interés particular o individual se escribirá el nombre de la primera parte que acude en apelación o *Certiorari*. En la comparecencia será necesario describir de forma clara los o las comparecientes, lo que se hará especificando que acuden todas las partes demandantes o demandadas del caso complejo, o del caso matriz, de tratarse de más de un caso consolidado, o especificando aquellos o aquellas que comparecen, si no lo hacen todos o todas.

(C) *Designación de los abogados o de las abogadas de las partes* – En la cubierta del recurso se incluirá el nombre de los abogados o las abogadas integrantes de cada Comité Timón. En caso de que se trate de un **asunto de interés particular o individual**, además de lo anterior se incluirá el nombre de las abogadas o los abogados particulares. Se incluirá, además, la dirección, el teléfono, el número de fax y el número de colegiado o colegiada de todos los anteriores.

(D) *Número de páginas* – El escrito de apelación o *Certiorari* no excederá de treinta y cinco (35) páginas, exclusive de la certificación de notificación, del índice y del apéndice, salvo que el tribunal autorice un número mayor de páginas. Las reglas del Reglamento del Tribunal de Circuito de Apelaciones y del Reglamento del Tribunal Supremo relativas al número de páginas para los escritos de apelación y de *Certiorari* no serán aplicables a estos casos.

(E) *Apéndice* – En el apéndice no será necesario incluir una copia literal de todas las alegaciones de las partes, bastando que se incluya copia de una sola$_{24}$de las demandas y una sola de las contestaciones. Se incluirá también copia de la sentencia o resolución del tribunal cuya revisión se solicita y de la notificación del archivo en autos de copia de la misma; de toda moción debidamente timbrada por el tribunal, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación o recurso y la notificación del archivo en autos de copia de la resolución u orden; de cualquier documento o escrito que forme parte del expediente del tribunal que sea pertinente a los fines de resolver la controversia; y de la lista actualizada preparada por los Comités Timón.

**Regla 18. Panel Especial ante el Tribunal de Circuito de Apelaciones**

(1) Con el propósito de lograr la uniformidad, salvaguardar los derechos de las partes y propiciar la pronta disposición del trámite apelativo la Jueza Administradora o el Juez Administrador del Tribunal de Circuito de Apelaciones designará anualmente, un panel especial de tres (3) jueces para atender todas las apelaciones y los recursos que surjan como resultado de un caso civil de litigación compleja. Una vez asignado un caso civil de litigación compleja al panel especial este lo atenderá hasta su resolución. Simultáneamente, el Juez Administrador o la Jueza Administradora designará un panel especial sustituto. La designación de ambos paneles especiales se hará de forma rotativa según las normas administrativas internas del Tribunal de Circuito de Apelaciones.

(2) La Secretaría del Tribunal de Circuito de Apelaciones notificará y publicará, a la

brevedad posible, la composición del panel especial y el panel sustituto a la clase togada.

**Regla 19. Vigencia**

Estas reglas entrarán en vigor inmediatamente.