EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Luis López del Castillo y otros co-demandantes que se identifican en los anejos de la demanda<br><br>Demandantes-Peticionarios<br><br>v.<br><br>Baxter Health Care Corp.<br><br>Demandada-Recurrida | Certiorari<br><br>2005 TSPR 2<br><br>163 DPR \_\_\_\_ |

Número del Caso: CC-2004-126

Fecha: 14 de enero de 2005

Tribunal de Circuito de Apelaciones:

        Circuito Regional VII

Juez Ponente:

        Hon. Rafael L. Martínez Torres

Abogado de la Parte Peticionaria:

        Lcdo. Luis R. Mellado-González

Abogado de la Parte Recurrida:

        Lcdo. Carlos A. Padilla Vélez

Materia: Reclamación de Salarios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Luis López del Castillo y otros co-demandantes que se identifican en los anejos de la demanda

    Demandantes-Peticionarios        CC-2004-126    CERTIORARI

         v.

    Baxter Health Care Corp.

      Demandada-Recurrida

Opinión del Tribunal emitida por la Jueza Asociada SEÑORA FIOL MATTA

San Juan, Puerto Rico, a 14 de enero de 2005.

La parte peticionaria, compuesta por el Sr. Luis A. López del Castillo y aproximadamente otros doscientos dieciséis (216) demandantes, nos solicita que revoquemos la decisión del foro apelativo negándose a expedir el auto de certiorari para revisar la resolución del Tribunal de Primera Instancia, que no autorizó que el presente litigio se tramitase como un caso civil de litigación compleja. Esta controversia nos ofrece la oportunidad de interpretar por primera vez las Reglas para Casos Civiles de Litigación Compleja, 4 L.P.R.A. Ap. XXVII,

que adoptamos hace cinco años. Luego de estudiar con detenimiento el expediente decidimos expedir el auto de certiorari y revocar la resolución recurrida.

I.

El 23 de julio de 1999 los peticionarios presentaron una demanda contra Baxter Health Care Corporation of Puerto Rico, Inc. (en adelante, Baxter) por sí y en representación de otros empleados y ex-empleados del patrono demandado.[1] La demanda fue radicada como pleito representativo bajo las disposiciones del artículo 13 de la Ley Núm. 379 de 15 de mayo de 1948, 29 L.P.R.A. sec. 282. Todos los demandantes fueron empleados de la planta farmacéutica de esta compañía ubicada en Carolina. Presentaron varias reclamaciones, a saber: el pago del periodo de alimentos trabajado por ellos, tanto durante el turno regular como en la jornada extraordinaria; el pago doble, en lugar de sencillo, del segundo periodo de tomar alimentos; compensación por vacaciones fraccionadas en cuanto a su disfrute y pago, en contravención al derecho aplicable; el pago triple, en lugar de doble, del tiempo trabajado durante el séptimo día de descanso y el pago por el tiempo que utilizaron antes y después de los turnos de trabajo para ponerse y quitarse la indumentaria necesaria para el empleo.

---

[1] El 13 de octubre de 2000 presentaron una demanda enmendada que, según se desprende del expediente, aún no ha contestado la parte recurrida.

El 11 de julio de 2003, los peticionarios solicitaron a la Jueza Administradora de la región judicial de Carolina que ordenara tramitar el caso bajo las Reglas para Casos Civiles de Litigación Compleja, 4 L.P.R.A. Ap. XXVII (en adelante, Reglas de Litigación Compleja). Celebrada la vista requerida por dichas reglas, el tribunal denegó la solicitud mediante resolución fechada 26 de septiembre de 2003. Entendió, primeramente, que en el caso se invocaban "en esencia cuatro (4) causas de acción por aproximadamente doscientos diecisiete (217) demandantes, los cuales, según se alega, están en igualdad de circunstancias." Estas causas de acción, según explicó el tribunal, eran:

1. reclamación por nulidad de reducción de periodo de tomar alimentos;

2. fraccionamiento ilegal de vacaciones;

3. reclamación de pago a tiempo triple por trabajo realizado durante el séptimo día consecutivo de trabajo; y

4. reclamación por alegada falta de considerar diferencial por turno de trabajo en el cómputo de pago de horas extras.

El tribunal concluyó que las primeras tres causas de acción no presentaban un grado de complejidad mayor a las controversias que los tribunales resuelven a diario. Respecto a la cuarta causa de acción, el tribunal determinó que se trata de un cómputo de fácil verificación, que aunque "tedioso por la gran cantidad de demandantes, no comprende complejidad alguna." Además, añadió que:

Al examinar los demás criterios reglamentarios, este Tribunal está convencido de que – a parte [sic] del gran número de demandantes– no se cumple con ninguno de los criterios anteriormente citados. Ese criterio, por si solo, no es ni puede ser determinante. Tampoco convierte el caso en uno de litigación compleja. Ciertamente si cada demandante estuviera representado por un abogado distinto, el Tribunal estaría inclinado a acceder con la petición de modo que se pudiera crear un comité timón de abogados de los demandantes para simplificar así los trámites con el Tribunal. En el presente caso, sin embargo, se trata de muchos demandantes con idénticas alegaciones y todos representados por un (1) solo abogado. Bajo estas circunstancias no puede considerarse que por esta única razón proceda certificarse el caso como un [sic] complejo.

Por tanto, resolvió que no había necesidad de certificar el caso como uno de litigación compleja.

Inconformes con esa decisión, los peticionarios solicitaron al Tribunal de Circuito de Apelaciones que expidiera auto de certiorari para revocarla, a lo cual ese foro no accedió. En una escueta resolución fechada 29 de diciembre de 2003, acogió los fundamentos de la decisión recurrida y determinó que el tribunal de instancia no había abusado de su discreción al resolver que este caso no cualifica para el trámite dispuesto en las Reglas de Litigación Compleja.

El 19 de febrero de 2004 los peticionarios acudieron ante nosotros mediante solicitud de certiorari. Señalaron, como único error, el que no se hubiera designado el caso como uno de litigación compleja. Alegan que el foro de instancia debió haber considerado, entre otros elementos, el número de demandantes involucrados, las numerosas reclamaciones y

defensas presentadas y la necesidad de un descubrimiento amplio y complejo que requiere ser debidamente delimitado y restringido para no causar gastos innecesarios. Añaden que la naturaleza compleja de este caso resulta evidente al confrontar las alegaciones de las partes con las deliberaciones de la Conferencia Judicial de mayo de 1988 y la resolución de 3 de mayo de 1989, en la que adoptamos por primera vez unas "Guías para Dirigir la Fase de Descubrimiento de Prueba en Casos Complejos."

El 16 de marzo de 2004 ordenamos a la parte recurrida mostrar causa por la cual no debíamos conceder el remedio solicitado. En su escrito en cumplimiento de dicha orden, Baxter expuso, en síntesis, que el gran número de los demandantes, por sí solo, no es suficiente para que el caso se convierta en uno complejo y que el verdadero propósito de los peticionarios es que se asigne un comisionado especial para realizar tareas que le corresponden exclusivamente a ellos como demandantes, consistentes éstas en determinar si tienen o no mérito sus reclamaciones y, de tenerlo, cuánto se les adeuda. Baxter también aduce que no hay motivos para revocar la determinación recurrida ya que el foro de instancia estuvo en mejor posición para dilucidar la controversia y no actuó de manera arbitraria, ni abusó de su discreción, ni su determinación causó perjuicio a otras partes.[2]

_____

[2] El recurrido, Baxter, señala además que si decidimos clasificar este caso como uno complejo estaremos "abriendo la puerta para que inmediatamente la representación legal de los

II.


En Vellón v. Squibb Mfg., Inc., 117 D.P.R. 838, (1986) abordamos el fenómeno del procedimiento especial que exigen los casos complejos. Expresamos entonces que estos casos constituyen un reto al sistema judicial, particularmente al ordenamiento procesal moderno. Id. en la pág. 847. Para aquel tiempo, no había un cuerpo de normas procesales específicas para estos casos, por lo cual alentamos a jueces y abogados a utilizar "de forma decidida e imaginativa ... los mecanismos judiciales existentes." Id. Además, concluimos que la forma en que tradicionalmente se resuelven las disputas en los tribunales resulta inadecuada para los casos de litigación compleja, los cuales describimos entonces como aquellos que se caracterizan por tener múltiples partes y controversias de hecho o de derecho complejas y técnicas. Id.

Decidimos entonces aprobar las "Guías para Dirigir la Fase del Descubrimiento de Prueba en Casos Complejos," para el uso discrecional de los jueces del foro de instancia. Estas guías fueron consideradas inicialmente durante la Conferencia Judicial de marzo de 1988. Ese mismo mes, nombramos un comité especial para preparar un proyecto de reglas procesales para casos complejos, a la vez que

demandantes, Lcdo. Luis Mellado, solicite igual remedio en los otros pleitos que ha radicado contra otras empresas, con idénticas controversias y que están pendientes ante los tribunales." Según explicamos más adelante, cada caso debe considerarse de acuerdo a sus circunstancias particulares, por lo cual este planteamiento resulta impertinente.

encomendamos al Secretariado de la Conferencia Judicial estudiar el asunto y presentar sus recomendaciones. Finalmente, el 30 de junio de 1999, adoptamos las Reglas para Casos Civiles de Litigación Compleja, en virtud de nuestro poder inherente para establecer aquellos procedimientos judiciales que sean necesarios para facilitar la administración de la justicia. In re: Reglas para Casos Civiles de Litigación Compleja, 148 D.P.R. 932 (1999), 4 L.P.R.A. Ap. XXVII, R. 1. Estas reglas comenzaron a regir inmediatamente y sirven como normas supletorias a las Reglas de Procedimiento Civil. Id. Su propósito es establecer el trámite administrativo de todo procedimiento de carácter civil que sea declarado como un caso de litigación compleja. Id.

Las reglas definen un caso civil de litigación compleja como aquél "cuyas circunstancias requieran un manejo judicial especializado que sea declarado como tal, según lo establecido en las Reglas 4 y 5, con el objetivo de evitarle cargas innecesarias a los litigantes o al tribunal y permitir una administración judicial eficiente del trámite procesal." 4 L.P.R.A. Ap. XXVII, R. 3(b). En específico, la Regla 5 dispone:

> La Jueza Administradora o el Juez Administrador de la Región Judicial a quien se le haya referido una solicitud o moción bajo la Regla 4 determinará si un caso civil es de litigación compleja luego de citar a las partes a una vista, de ponderar los méritos del caso de acuerdo con las alegaciones y a la luz de la totalidad de las circunstancias particulares del caso. Además, tomará en consideración uno o más de los criterios que se exponen a continuación:

(a)     Multiplicidad de partes

(b)     Multiplicidad de alegaciones o defensas.

(c)     Multiplicidad de testigos disponibles para el juicio.

(d)     Volumen extenso de evidencia.

(e)     Necesidad de peritaje.

(f)     Presencia de intricadas controversias de hechos o de derecho que exigen prueba documental y testifical abundante o inusual.

(g)     Naturaleza compleja del remedio o de los remedios reclamados.

(h)     Complejidad en la etapa apelativa.

(i)     Casos certificados por el Tribunal de Primera Instancia como pleitos de clase.

(j)     Tipo de caso: casos de responsabilidad civil por productos defectuosos (product liability).

(k)     Intensidad de la actividad en la etapa preliminar al juicio.

(l)     Controversias de carácter novel.

(m)     Casos de responsabilidad civil como consecuencia de desastres naturales, eventos atmosféricos, catastróficos o desastres provocados.

(n)     Cualquier otro factor que fomente la necesidad de una administración o manejo judicial temprano y organizado para evitar retrasos y cargas innecesarias a las partes y al sistema judicial. 4 L.P.R.A. Ap. XXVII, R. 5.

Como norma general, la solicitud para que un caso presentado ante el Tribunal de Primera Instancia sea declarado como complejo y, por lo tanto, sujeto a las Reglas de Litigación Compleja, tiene que someterse antes de que

concluya el descubrimiento de prueba. 4 L.P.R.A. Ap. XXVII,

Regla 4(C). Adviértase que un juez también puede solicitar,

motu proprio, que se inicie este procedimiento. Una vez

presentada la solicitud, la Jueza Administradora o el Juez

Administrador tendrá un término de cumplimiento estricto de

treinta (30) días para hacer la determinación final. 4

L.P.R.A. Ap. XXVII R. 6.

Cuando se trate de varios casos en distintas regiones

judiciales, los respectivos jueces administradores someterán

las solicitudes al Juez Presidente o la Jueza Presidenta del

Tribunal Supremo, quien designará a uno de los jueces

administradores para que haga la determinación. De ser ésta

en la afirmativa, el Juez Presidente o la Jueza Presidenta

designará al magistrado del Tribunal de Primera Instancia que

atenderá el caso. 4 L.P.R.A. Ap. XXVII R. 4 (B). El juez o

jueza de primera instancia tendrá a su cargo la supervisión

del procedimiento y la resolución del caso. Id. Durante

cualquier etapa de los procedimientos podrá referir el caso

complejo o parte de sus controversias a algún interventor

neutral o a un comisionado especial. 4 L.P.R.A. Ap. XXVII R.

7.[3]

---

[3]    También hay disposiciones especiales para atender las etapas apelativas de los casos de litigación compleja. Así, las reglas disponen que la Jueza Administradora o el Juez Administrador del Tribunal de Apelaciones deberá designar anualmente un panel especial de tres (3) jueces que atenderá todas las apelaciones y los recursos que surjan como consecuencia de un caso civil de litigación compleja. 4 L.P.R.A. Ap. XXVII R. 18. El trámite de esos casos está sujeto a condiciones particulares dispuestas en las Reglas de Litigación Compleja.

III.

En las Guías para Dirigir la Fase del Descubrimiento de Prueba en Casos Complejos, supra, se analizaron los criterios desarrollados en la jurisdicción federal para definir un caso complejo. Se subrayó, primeramente, la dificultad de elaborar una definición categórica, a pesar de que a la fecha del informe ya se contaba con décadas de experiencia con estos litigios en la jurisdicción federal.[4]

Ello no obstante, se señaló a la página 6 que:

> El Manual de Litigación Compleja,[5] por ejemplo, especifica que la acción abarca "one case or two or more related cases which present <u>unusual problems</u> and which require <u>extraordinary</u> treatment, including but not limited to the cases designated as 'protracted' and big." Para precisar un poco más esta definición genérica, ejemplifica una serie de causas de acción, entre éstas ... acciones que envuelven muchas partes o asociaciones no incorporadas de grandes matrículas.

Según las Guías, si bien esta definición se orienta al elemento de dificultad técnica o jurídica, "no excluye el caso que requiere atención extraordinaria meramente por el número de partes o cuantías reclamadas." Id. en la pág. 7.

Entre los factores que las Guías preparadas por el Secretariado recomendó considerar están aquellos que destinan a un caso "a permanecer por largo tiempo en el calendario judicial." Id. Estos, por lo general, se caracterizan, entre otras, por circunstancias tales como la multiplicidad de

---

[4]     Para un análisis exhaustivo de la dificultad en definir un caso complejo y diversas propuestas sobre definiciones, véase Jay Tidmarsh, *Unattainable Justice: The Form of Complex Litigation and the Limits of Judicial Power,* 60 George Washington Law Review, 1683 (1992).

[5]     *Manual of Complex Litigation*, Second, Clark Boardman Co., New York (1986).

partes y alegaciones, así como "el despliegue o uso exagerado de los mecanismos y recursos procesales...". Id. Se trata, pues, de identificar en una etapa temprana del litigio, "las dificultades y la extensión anticipables en la etapa del descubrimiento de prueba." Id.

El análisis de las reglas federales y las reglas entonces propuestas para regir el proceso de descubrimiento en casos complejos llevaron al Secretariado a recomendar y a este Tribunal a adoptar un enfoque más bien funcional y práctico dirigido a atender aquellos casos que imponen sobre los tribunales una carga particularmente pesada y complicada y requieren, por ello, "un tratamiento sistemático especial." Id. en la pág. 9. Véase, Kaminsky, Martín I, *Proposed Federal Discovery Rules for Complex Civil Litigation*, 48 Fordham Law Review 907 (1980).

Por último, debemos destacar que para que este enfoque funcional  de las Reglas de Casos Complejos sea efectivo, es indispensable que se identifique la naturaleza compleja del caso en una etapa temprana del proceso y que una vez se declare su complejidad se utilicen las diversas herramientas que proveen las reglas, de acuerdo a las necesidades del caso. Durante todo este proceso, el juez designado deberá tomar las riendas del caso y servir como guía para los abogados litigantes. Así lo sugiere la más reciente edición del Manual para Litigación Compleja:

> Al ofrecer un despliegue de técnicas y procedimientos para el manejo de litigios, el *Manual* no recomienda que cada caso complejo necesariamente utilice dichos procedimientos o se

ciña a un patrón determinado. Las alternativas dependerán de las necesidades del litigio y muchas otras consideraciones. A lo que el *Manual* sí alienta es a que se escojan entre las alternativas temprano en el litigio. Aunque esas decisiones son mayormente responsabilidad del tribunal, el juez no debe quitarle el caso a los abogados sino brindarles dirección, estableciendo límites y aplicando controles, según se necesiten. Moore's Federal Practice, *Manual for Complex Litigation*, Fourth, pág. 2 (2004). (Traducción nuestra).[6]

IV.

El peticionario alega que el caso que hoy examinamos cumple con varios de los requisitos que establece la Regla 5, supra. En concreto, enumera los siguientes:

múltiples partes demandantes, múltiples reclamaciones y defensas, múltiples testigos entre ellos los demandantes, gran cantidad de evidencia documental incluyendo nóminas, tarjetas de asistencia y récords de personal que probablemente requieran de órdenes especiales para la preservación de esa evidencia, su reproducción y el depósito de la misma, necesidad de nombramiento de peritos del Tribunal y de comisionados especiales, delicadas controversias de derechos, múltiples controversias de hechos, posibilidad de la radicación de múltiples recursos apelativos, se trata de un caso de reclamaciones salariales que requiere de cómputos matemáticos, intensidad del descubrimiento de prueba lo cual es evidente del deseo de la demandada de deponer a todos y cada uno de los demandantes, y finalmente, lo novel de las teorías legales de la demandada...

Además, la parte peticionaria entiende que el Tribunal de Primera Instancia simplificó excesivamente las

_____

[6] In offering an array of litigation management techniques and procedures, the *Manual* does not recommend that every complex litigation necessarily employ any such procedures or follow a standard pattern. Choices will depend on the needs of the litigation and many other considerations. What the Manual does urge is that the choices be made, and that they be made starting early in the litigation. While those decisions are largely the responsibility of the court, the judge should not take the case from the lawyers, but rather provide guidance and direction, setting limits and applying controls as needed.

controversias que surgen de las alegaciones de la demanda.

Un análisis del apéndice del recurso, que contiene un extenso

listado de las controversias que suscita este pleito,  nos

inclina a resolver a su favor.  También expone la parte

peticionaria que el foro de instancia "se concentró en que

los demandantes están representados por un solo abogado

entendiendo por ello que no debía designar el caso como uno

complejo bajo la falsa premisa de que ... debe designarse un

Comité Timón de abogados de los demandantes y vio [sic] [que]

ello es posible cuando existe más de un abogado representando

a los demandantes."

En su oposición, la parte recurrida aduce que la

verdadera  intención de los peticionarios al solicitar que su

caso sea declarado como complejo es que el tribunal nombre a

un comisionado especial. [7] Añaden que para ello no hace falta

catalogar el caso como uno complejo, a la luz de la Regla 41

de Procedimiento Civil sobre Comisionados Especiales, 32

---

[7] En su escrito oponiéndose a la expedición del auto de certiorari la parte recurrida también se cuestiona el que este Tribunal Supremo pueda dejar sin efecto una determinación del foro de instancia, "la cual se hizo en el ejercicio de la discreción judicial que se ha reconocido a los tribunal es [sic] inferiores[.]" Si bien hemos expresado en repetidas ocasiones que los foros apelativos no deben intervenir con las determinaciones de hechos ni la adjudicación de credibilidad de los foros de instancia, a menos que haya mediado en éstas pasión, prejuicio, parcialidad o error manifiesto, no es menos cierto que ello no nos impide descargar la función revisora que encomendada constitucionalmente a este Tribunal, como tribunal de última instancia en Puerto Rico. Véase Rolón v. Charlie Car Rental, Inc., 148 D.P.R. 420, 433 (1999) y la jurisprudencia allí citada; 1 L.P.R.A. Art. V. sec. 6.  Además, en esta etapa de los procedimientos no ha habido adjudicación de credibilidad ni determinación de hechos alguna. Más bien, estamos evaluando una cuestión estrictamente de derecho,  producto de una vista argumentativa y basada en unas reglas que nosotros mismos adoptamos para facilitar el proceso administrativo interno de los tribunales.

L.P.R.A. Ap. III, R. 41. No nos convence este argumento. Como bien expone la propia parte recurrida, no es necesario que un caso sea denominado como "complejo" para nombrar un comisionado. Nótese que la Regla 41.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 41.2, dispone cuándo procede que el Tribunal de Primera Instancia nombre un comisionado, y aclara, primeramente, que dicho nombramiento será la excepción y no la regla. En específico, requiere que "estuvieren envueltas cuestiones sobre cuentas y cómputos difíciles de daños o casos que envuelvan cuestiones sumamente técnicas o de un conocimiento pericial altamente especializado." Por otra parte, el que un caso sea declarado como "complejo" no concede automáticamente al solicitante el derecho a que se nombre un comisionado especial. La Regla 7 de las Reglas de Litigación Compleja dispone claramente que el tribunal "[p]odrá referir el caso complejo o cualquiera de sus controversias ... a algún interventor neutral ... o podrá utilizar el recurso de comisionado especial bajo la Regla 41 de las Reglas de Procedimiento Civil ...". 4 L.P.R.A. Ap. XXVII R. 7. Así las cosas, el nombramiento del comisionado es opcional y corresponde al juez designado al amparo de las reglas evaluar la necesidad de utilizar este mecanismo. Entendemos, pues, que este argumento de la parte recurrida malinterpreta la intención de las Reglas de Litigación Compleja, que no es la de beneficiar a una parte en específico, sino al sistema de justicia en general.

La parte recurrida también arguye que "solamente el caso de las 'carpetas', donde hay multiplicidad de demandantes, de abogados y de reclamaciones por responsabilidad civil, ha sido designado como un 'caso complejo.' El de autos, como hemos visto, en nada se asemeja a aquél." Nuevamente, la parte recurrida se equivoca. En primer lugar, el caso al que se refiere como el "de las carpetas", cuya designación alfanumérica en el foro apelativo intermedio es KLCE-02-1124, 1173; 1183, es sólo uno de los siete casos declarados como "complejos" en el foro de instancia, que se han sometido a la consideración del panel especial designado para atender estos casos en el Tribunal de Apelaciones.[8] Por otro lado, la parte peticionaria trae a nuestra atención otros dos casos, similares al de autos, que se han clasificado como "complejos" y actualmente se dilucidan en el foro de instancia. Estos son: Rafael Villafañe Padilla y otros v. Warner Lambert, Inc., Civil Núm. KPE95-0595, consolidado con otros dos casos de reclamantes contra el mismo patrono, Civil Núm. KPE95-0509 y Civil Núm. KPE95-0696 y Bucetta vs. Motorola Electrónica de Puerto Rico, Civil DPE 98-0117. Debemos advertir, sin embargo, que el hecho de que casos similares sean declarados como complejos no concede *ipso facto* derecho a que otro caso sea declarado como tal. Es deber del Tribunal de Primera Instancia analizar de forma individual el caso que tiene ante su consideración, pues éste

---

[8] Estos son. KLCE00141; KLCE000477, KLCE001289; KLCE0001190; KLAN020352; KLCE0100244; Y KLAN10728. Además, el caso KLAN2004-00635 actualmente se encuentra bajo la consideración del Tribunal de Apelaciones.

puede tener características particulares que hagan variar su determinación.

De igual forma, la parte recurrida alega que la gran cantidad de demandantes en este caso por sí sola no justifica que se le designe como complejo, máxime cuando todos están representados por un solo abogado. No tiene razón. La Regla 5, supra, claramente dispone, en un listado no taxativo, que para determinar si un caso es complejo tan sólo es necesario que se cumpla uno de los criterios allí enumerados. Por tanto, es posible que el Tribunal de Primera Instancia pueda determinar que es meritorio declarar un caso como complejo, aunque esté presente tan sólo uno de los factores enumerados.

Ahora bien, esta determinación no debe hacerse en el vacío ni de forma automática. Es deber del juzgador sopesar la complejidad que dicho factor añade al caso, junto a la evaluación de los méritos del caso "de acuerdo con las alegaciones y a la luz de la totalidad de las circunstancias particulares ...". 4 L.P.R.A. Ap. XXVII R. 5. No podemos olvidar que en la interpretación de esta disposición debe imperar un análisis práctico y funcional que sopese adecuadamente el impacto que el caso podrá tener sobre el sistema de la administración de la justicia. En resumidas cuentas, el último inciso de la regla, no sólo permite utilizar criterios distintos a los del listado, sino que provee el contexto y propósito del análisis, al permitir considerar "[c]ualquier otro factor que fomente la necesidad de una administración o manejo judicial temprano y organizado

para evitar retrasos y cargas innecesarias a las partes y al sistema judicial." 4 L.P.R.A. Ap. XXVII, R. 5 (n).

Con relación al primer criterio dispuesto en la regla, la multiplicidad de partes, la Oficina de Administración de los Tribunales publicó, en diciembre de 1982, un "Estudio sobre el Manejo de Casos en el Tribunal de Primera Instancia" e hizo un señalamiento que ahora, casi dos décadas después, conserva la misma validez:

> En ocasiones, la complejidad del caso depende del número de partes que integran los demandantes, demandados o acusados. Surge en estos casos una serie de trámites, como el descubrimiento de prueba, la radicación de un sinnúmero de interrogatorios y la preparación de sentencias parciales, entre otros. **Puede darse la situación de que un caso con veinticinco demandantes resulte más complejo que cincuenta casos que se resuelven por alegación de culpabilidad.** (Énfasis suplido).

V.

Coincidimos con las alegaciones de la parte peticionaria en cuanto a que en el caso que hoy es objeto de nuestra atención están presentes varios de los criterios establecidos en la Regla 5 de las Reglas de Litigación Compleja. A primera vista, resalta el hecho de que hay en este caso una gran multiplicidad de partes, aproximadamente 217 ex-empleados de la farmacéutica Baxter, lo cual, si tomamos en cuenta la alegación no refutada de la parte peticionaria de que la recurrida desea deponer a cada uno de los aproximadamente 217 demandantes, implica un nivel de actividad intenso en la

etapa preliminar al juicio y, por ende, un gran volumen de evidencia. Por otra parte, para responder a las alegaciones de la parte peticionaria, Baxter expuso veinte defensas afirmativas. Por tanto, el caso también cumple con el criterio de multiplicidad de alegaciones o defensas. Todo esto, a su vez, incide en la intensidad de la etapa preliminar al juicio y en el volumen de la prueba que desfilará, cumpliéndose de esa forma otros de los criterios.

Es evidente la necesidad de que el Tribunal de Primera Instancia tome las medidas adecuadas para que este pleito sea resuelto de forma ágil y eficaz. Precisamente, la aprobación de las Reglas para Casos Civiles de Litigación Compleja respondió a la necesidad de proveer a dicho foro de una herramienta para facilitarle el manejo de casos como el presente. Erró el Tribunal de Apelaciones al confirmar la decisión del Tribunal de Primera Instancia, quien erró, a su vez, al ejercer su discreción para no declarar este caso como uno complejo.

Por los fundamentos antes expuestos, expedimos el auto de certiorari para revocar la resolución del tribunal apelativo intermedio que confirmó la  resolución del foro de instancia. Se declara con lugar la solicitud de la parte peticionaria para que este caso se tramite siguiendo el procedimiento establecido en las Reglas para Casos Civiles de Litigación Compleja, 4 L.P.R.A. Ap. XXVII y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma consistente con nuestra decisión.

Se emitirá sentencia de conformidad.


Liana Fiol Matta
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Luis López del Castillo y otros
co-demandantes        que        se
identifican en los anejos de la
demanda

　　Demandantes-Peticionarios        CC-2004-126    CERTIORARI

　　　　　　　v.

　　Baxter Health Care Corp.

　　　　Demandada-Recurrida

SENTENCIA

San Juan, Puerto Rico, a 14 de enero de 2005.

　　　　Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, revocamos las resoluciones emitidas por el entonces Tribunal de Circuito de Apelaciones y por el Tribunal de Primera Instancia y declaramos con lugar la solicitud de certiorari presentada por la parte peticionaria y devolvemos el caso de autos al Tribunal de Primera Instancia para que continúen los procedimientos de forma compatible con lo aquí dispuesto.

　　　　Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez disiente con opinión escrita. El

Juez Asociado señor Corrada del Río disiente sin opinión escrita. El Juez Asociado señor Rebollo López no intervino.


                         Aida Ileana Oquendo Graulau
                         Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Luis López del Castillo y
otros Co-Demandantes que se
Identifican en los Anejos a
la Demanda

  Demandantes Peticionarios

                                CC-2004-126

          v.

Baxter Health Care, Corp.

    Demandada Recurrida


Opinión Disidente emitida por el Juez Asociado señor Rivera Pérez.


San Juan, Puerto Rico, a 14 de enero de 2005.

Discrepamos de lo actuado por la Mayoría en este asunto. La Sentencia dictada por el Tribunal de Primera Instancia y la Resolución emitida por el Tribunal de Apelaciones son esencialmente correctas.

Al examinar los criterios reglamentarios que aplicó la Mayoría para concluir que el caso de autos es uno de litigación compleja estamos convencidos de que no cumple con los mismos. Se trata de muchos demandantes con idénticas alegaciones, todos representados por un (1) sólo abogado.[9] No nos persuade el argumento de la

---

[9] Los demandantes presentaron varias reclamaciones, a saber: el pago del periodo de alimentos trabajado por ellos, tanto durante el

parte demandante de autos, aquí peticionaria, de que la mera necesidad de prueba pericial para la adjudicación de un caso lo convierte en uno de litigación compleja. En el caso de autos, no obstante, no es necesario prueba pericial especializada para su adjudicación. Lo que requiere es el examen de testigos y de documentos (esencialmente nóminas) y la realización de los cómputos necesarios, a tenor con las normas jurídicas vigentes y aplicables. El caso de autos no contiene controversias complejas y/o técnicas. Lo trabajoso no necesariamente es complejo ni tampoco de naturaleza técnica.

Concluimos que en el presente caso la parte demandante de autos, aquí peticionaria, no cumplió con ninguno de los criterios aplicables para certificar el mismo como uno de litigación compleja.[10] Ello no significa que el Tribunal de Primera Instancia no puede adoptar aquellas medidas que estime necesarias y apropiadas para la más adecuada y eficiente disposición de las controversias de autos, a tenor con los recursos que proveen las Reglas de Procedimiento Civil de Puerto Rico.[11]

---

turno regular  como en la jornada extraordinaria; el pago doble, en lugar  de sencillo, del segundo  periodo  de tomar  alimentos; compensación por
vacaciones fraccionadas en cuanto a su disfrute y pago, en contravención al derecho aplicable; el pago triple, en lugar de doble, del tiempo trabajado durante el séptimo día de descanso y el pago por el tiempo que utilizaron antes y después de los turnos de trabajo para ponerse y quitarse la indumentaria necesaria para el empleo.

[10] Regla 4 y 5 Para Casos Civiles de Litigación Compleja, 4 L.P.R.A., Ap. XXVII R. 4 y 5.

[11] 32 L.P.R.A, Ap. III.

Por los fundamentos antes expuestos disiento de lo actuado y pautado por la Mayoría en este caso.[12]

Efraín E. Rivera Pérez
Juez Asociado

---

[12] No consideramos, porque no fue planteado, si las Reglas Para Casos Civiles de Litigación Compleja, *supra* fueron aprobadas válidamente, a tenor con lo dispuesto en el Artículo V, Sección 6 de la Constitución de Puerto Rico.