Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José J. Colón Rivera y Otros<br><br>        Peticionarios<br><br>                  v.<br><br>Wyeth Pharmaceuticals, Co.,<br>Antes Ayerst-Wyeth Pharmaceuticals,<br>Inc. y ahora Pfizer Pharmaceuticals,<br>LLP.<br><br>        Recurridos | Certiorari<br><br>2012 TSPR 1<br><br>184 DPR ____ |

Número del Caso: CC-2010-890

Fecha: 4 de enero de 2012

Tribunal de Apelaciones:

          Panel Especial de Litigación Compleja

Jueza Ponente:

                    Hon. Emmalind García García

Abogado de la Parte Peticionaria:

                    Lcdo. Luis R. Mellado González

Abogados de la Parte Recurrida:

                    Lcdo. Rafael E. Aguiló-Vélez
                    Lcda. Elizabeth Pérez-Lleras

Materia: Reclamación de Salarios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José J. Colón Rivera y Otros

    Peticionarios

      v.

Wyeth Pharmaceuticals, Co.,
antes Ayerst-Wyeth
Pharmaceuticals, Inc. y ahora
Pfizer Pharmaceuticals, LLP.

    Recurridos

Certiorari

CC-2010-0890

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco

En San Juan, Puerto Rico, a 4 de enero de 2012.

Comparecen ante nos José Colón Rivera, *et al.*, (en adelante los peticionarios) y nos solicitan la revisión de una Sentencia emitida por el Tribunal de Apelaciones. Mediante dicho dictamen, el tribunal *a quo* revocó una Resolución del Tribunal de Primera Instancia que autorizó una Demanda Enmendada en un pleito de índole laboral ocho (8) años después de presentada la Demanda original.

El recurso presentado por los peticionarios nos brinda la oportunidad, *inter alia*, de discutir los factores que deben tomarse en consideración al momento de ponderar si se autoriza una enmienda a las alegaciones a tenor con las Reglas de

Procedimiento Civil.[1] En particular, analizaremos qué circunstancias constituyen perjuicio indebido para la parte que se opone a la autorización de la enmienda. Además, nos expresaremos en cuanto al efecto que puede tener la dilación indebida de la parte que ofrece la enmienda.

Previo a nuestro análisis, exponemos los hechos que dieron génesis a la controversia ante nos.

I

El caso de autos ha seguido un tracto procesal anómalo y extenso por más de una década. El 14 de abril de 1998, el señor José Colón Rivera y doscientos cuarenta y siete (247) codemandantes presentaron una Demanda contra su patrono Wyeth Pharmaceuticals, Co. (en adelante Wyeth) ante el Tribunal de Primera Instancia, Sala Superior de Guayama.

En esta Demanda se presentaron exclusivamente reclamaciones de pago de salarios. Específicamente, los peticionarios reclamaron pagos por concepto de horas extras trabajadas en exceso de ocho (8) diarias, séptimos días de trabajo consecutivos, horas trabajadas durante el periodo de tomar alimentos, y la nulidad de la reducción de ese periodo.

Previo a la presentación de la Demanda, otro pleito había comenzado el 17 de febrero de 1998, cuando un segundo grupo de empleados de Wyeth presentó una Demanda de clase

---

[1] Los hechos procesales del caso de autos ocurrieron bajo la vigencia de las derogadas Reglas de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III. Por tal razón, haremos referencia a esas Reglas en esta Opinión.

en *De León v. Wyeth*, Civil Núm. GPE98-0024. En ese pleito los empleados también reclamaron el pago de salarios pero, a diferencia del caso de autos, se incluyeron reclamaciones por pago de salarios, por concepto de Bono de Navidad, vacaciones no pagadas o fraccionadas y por el tiempo que tomaba a los empleados vestirse y desvestirse de sus uniformes antes de dar inicio a su jornada de trabajo (reclamación conocida en la esfera federal como "*donning and doffing*").

El 25 de agosto de 1998 se solicitó que el caso *De León v. Wyeth, supra,* y el de autos fueran consolidados. Posteriormente, el 23 de octubre de 1998 varios demandantes en el caso de autos peticionaron intervención en *De León v. Wyeth, supra*. El 10 de diciembre de 1999, el Tribunal de Primera Instancia emitió Sentencia Sumaria Parcial en *De León v. Wyeth, supra*, sin expresarse en cuanto a las mociones de consolidación e intervención. Finalmente, el 23 de febrero de 2000 se denegaron las mociones de intervención.

Así las cosas, y luego de varios trámites procesales, que incluyeron cambios de abogados y apelaciones interlocutorias, el 9 de agosto de 2005, el Juez Superior Hon. Isidro Rivera Sánchez solicitó que se evaluara si la cantidad de demandantes, en adición a la complejidad de las reclamaciones en el pleito de autos, ameritaba que se certificara el caso como complejo al amparo de las Reglas

para Casos Civiles de Litigación Compleja, 4 L.P.R.A. Ap. XXVII. El 3 de junio de 2008, el Juez Administrador de la Región Judicial de Aibonito certificó el caso como complejo y solicitó al Juez Presidente de este Tribunal que designara a un juez para manejar directamente el caso. El Juez Presidente acogió esa solicitud el 5 de septiembre de 2008 y designó para atender el pleito al Juez Superior Hon. Julio Díaz Valdés.

*Ab interim*, los peticionarios instaron una Demanda Enmendada el 9 de junio de 2006. Es decir, **ocho (8) años después de presentada la Demanda original**, los peticionarios solicitaron permiso del Tribunal de Primera Instancia para enmendar su reclamación inicial y esbozar una nueva teoría legal en cuanto a las reclamaciones por horas extras y por la reducción del periodo de tomar alimentos. Además, en la Demanda Enmendada se incorporaron treinta y dos (32) nuevos demandantes y varios interventores.

Por otra parte, la Demanda Enmendada incorporó una serie de reclamaciones nuevas, a saber: pago del Bono de Navidad, pago por vacaciones fraccionadas y no pagadas, y pago por la no consideración del diferencial en el pago de beneficios. Además, se alteró la teoría legal en cuanto a la reclamación por horas extras y por la reducción del periodo de tomar alimentos. Estas reclamaciones eran, en

esencia, las mismas que se presentaron contra Wyeth en *De León v. Wyeth, supra.*

*A posteriori*, mediante Resolución del 21 de enero de 2009, notificada como Minuta el 5 de febrero de 2009, el Tribunal de Primera Instancia, *inter alia*, autorizó la Demanda Enmendada y ordenó la calendarización del descubrimiento de prueba.

Inconforme con ese dictamen, Wyeth presentó un recurso de *certiorari* el 6 de marzo de 2009 ante el Tribunal de Apelaciones.

En este, Wyeth impugnó la determinación de autorizar la Demanda Enmendada y alegó que la enmienda a las alegaciones, presentada ocho (8) años después de iniciado el pleito le causaría perjuicio indebido y dilataría innecesariamente los procedimientos de un caso complejo. Además, Wyeth alegó que la dejadez y negligencia por parte de los peticionarios al esperar ocho (8) años para enmendar la Demanda e incluir reclamaciones de las cuales tenían conocimiento desde los inicios del pleito, representaba una violación a la Doctrina de Incuria. Luego de varios trámites procesales, que incluyeron la paralización de los procedimientos ante el Tribunal de Primera Instancia,[2] el Tribunal de Apelaciones expidió el auto de *certiorari* solicitado y, el 12 de julio de 2010, emitió Sentencia en

---

[2] Wyeth contestó la Demanda Enmendada el 16 de marzo de 2009, a pesar de que el Tribunal de Apelaciones había paralizado los términos para contestar la Demanda Enmendada y la Contestación a los Interrogatorios.

la cual revocó la determinación del Tribunal de Primera Instancia de autorizar la Demanda Enmendada. En síntesis, el foro apelativo intermedio concluyó que el término transcurrido desde la presentación de la Demanda inicial y la Demanda Enmendada, pesaba en contra de la inclusión de nuevos demandantes y nuevas causas de acción en esa etapa de los procedimientos.

Inconformes, los peticionarios presentaron un recurso de *certiorari* el 13 de octubre de 2010 ante este Foro, en el cual plantearon como errores:

1. Erro [sic] el TA en su sentencia, al asumir jurisdiccion [sic] sobre la materia objeto del recurso considerando en sus meritos [sic] el error señalado al TPI por la peticionaria Wyeth, ahora Pfizer, expidiendo auto de certiorari y revocando simultaneamente [sic] la 'Minuta-Resolucion' [sic] objeto del recurso, a pesar de que el error señalado se tornó academico [sic] desde el mismo momento en que Wyeth, ahora Pfizer, contesto [sic] voluntaria e incondicionalmente la demanda enmendada ante el TPI, cuya procedencia antes cuestionaba en alzada, por lo cual el TA al dictar sentencia en este recurso, ejerció en forma "ultra vires" su poder judicial en ausencia de un "caso o controversia justiciable" ignorando el mandato constitucional que delimita su poder judicial.

2. Erró el TA en la sentencia dictada, , [sic] al ejercer su jurisdicción apelativa en alzada a pesar de que la Resolución-Minuta del TPI objeto del recurso era una decisión interlocutoria, no aplicando ninguna de las excepciones a la norma de abstención apelativa jurisdiccional en casos complejos provista en la regla 16(c [sic] y d) [sic] de las Reglas para Casos Civiles de Litigación Compleja.

3. Erró el TA en su sentencia, en cuanto consideró y acogió alegados errores del TPI no

planteados por Wyeth en la petición de "certiorari", los que fueron traídos tardíamente en la oposición a desestimación del recurso de Wyeth, del 16 de febrero de 2010, para la cual carecía de jurisdicción.

4. Erró el TA en su sentencia, en cuanto determinó que no le correspondía adjudicar en alzada defensas de alegada prescripción, lo cual según dijo era propio de una moción de desestimación a decidirse en Primera Instancia por el Juez Designado en este caso complejo, y aún así adjudicó un alegado planteamiento de prescripción y otros de hechos y del derecho que no le correspondía adjudicar en ese momento.

5. Erró el TA en su sentencia, al determinar la improcedencia de la demanda enmendada del 9 de junio de 2006 bajo los parámetros fijados en la Regla 13.1 de Procedimiento Civil y la jurisprudencia aplicable, interviniendo indebidamente con la sana discreción del juez designado a este caso complejo Hon. Julio Díaz Valdés, nombrado por el Juez Presidente del TSPR, Honorable Federico Hernández Denton.

6. Erró el TA en su sentencia, al adjudicar que las reclamaciones de "gowning", y por el impacto del diferencial salarial son nuevas y están prescritas, al igual que las reclamaciones de los 32 demandantes y 12 interventores.

Examinado el recurso, el 18 de marzo de 2011, acordamos denegar la petición de *certiorari*. Ante dicha denegatoria, el 8 de abril de 2011, los peticionarios presentaron una Moción de Reconsideración y, el 29 de abril de 2011, reconsideramos y expedimos el recurso de autos. Contando con el beneficio de la comparecencia de ambas partes, procedemos a resolver sin ulterior trámite.

II

A.

En su primer error, los peticionarios nos plantean que erró el Tribunal de Apelaciones al expedir el recurso de *certiorari* presentado por Wyeth en el cual solicitaron la revocación de la determinación del Tribunal de Primera Instancia de autorizar la Demanda Enmendada. Argumentan que la controversia presentada en el recurso se tornó académica al Wyeth contestar la Demanda Enmendada el 16 de marzo de 2009. No les asiste la razón.

Es norma conocida en nuestro ordenamiento que los Tribunales en Puerto Rico son de carácter rogado. Es decir, las partes en un pleito deben pedir la intervención del foro judicial. En el caso del Tribunal de Apelaciones, este tiene autoridad en Ley para atender recursos de *certiorari* para revisar decisiones interlocutorias del Tribunal de Primera Instancia. 4 L.P.R.A. sec. 24y(b). Como norma general, la presentación de un recurso de *certiorari* ante el Tribunal de Apelaciones no paraliza los procedimientos del caso en el Tribunal de Primera Instancia. 4 L.P.R.A. Ap. XXII-B R.35. No obstante, *motu proprio* o a solicitud de una parte, el Tribunal de Apelaciones puede emitir Órdenes para paralizar los procedimientos ante el Tribunal de Primera Instancia. *Íd.*

Una vez el Tribunal de Apelaciones emite una Orden paralizando los procedimientos o los términos en el foro de

instancia, este pierde jurisdicción sobre el asunto. *Pérez, Ex parte v. Depto. de la Familia*, 147 D.P.R. 556, 570 (1999). Véase también *Pueblo v. Pérez*, 159 D.P.R. 554, 564 (2003). Consecuentemente, cualquier acción realizada por el Tribunal de Primera Instancia sobre el asunto paralizado resultará nula, ya que carece de jurisdicción sobre el asunto. *Pérez, Ex parte v. Depto. de la Familia, supra.* "Para que el tribunal de inferior jerarquía adquiera nuevamente jurisdicción, es decir, poder y facultad para continuar los procedimientos, es necesario que el Tribunal [de Apelaciones] le remita el mandato correspondiente". *Íd.*

En el presente caso, se presentó una Demanda Enmendada el 9 de junio de 2006 y, luego de varios trámites procesales, el Tribunal de Primera Instancia autorizó la misma. Wyeth acudió en *certiorari* al Tribunal de Apelaciones el 6 de marzo de 2009, para impugnar dicho proceder. Sin embargo, diez (10) días después contestó la Demanda Enmendada. Wyeth arguye que procedió de esa manera como medida cautelar por entender, *uberrima fides*, que el término para contestar la Demanda Enmendada no había sido paralizado.

No obstante, mediante Orden del 13 de marzo de 2009, el Tribunal de Apelaciones, en efecto, había paralizado los términos para contestar la Demanda Enmendada y para realizar el descubrimiento de prueba. La Contestación a la Demanda Enmendada presentada por Wyeth resultó, pues,

inoficiosa *ab initio* ya que el Tribunal de Primera Instancia carecía de jurisdicción para atender cualquier asunto relacionado con esta. Es decir, una vez paralizado el término para contestar, nada podía disponer el Tribunal de Primera Instancia sobre el asunto, por lo cual no puede decirse que Wyeth renunció a sus reclamos en cuanto a la improcedencia de la Demanda Enmendada.[3]

En conclusión, la Contestación a la Demanda Enmendada por parte de Wyeth no tuvo el efecto de tornar en académico el recurso. Por ende, no incidió el Tribunal de Apelaciones al expedir y atender el recurso de *certiorari* presentado por Wyeth.

B.

En su segundo señalamiento de error, los peticionarios plantean que erró el Tribunal de Apelaciones al aceptar una apelación interlocutoria de un caso que ha sido certificado como complejo a tenor con el Reglamento para Casos Civiles de Litigación Compleja, *supra* (en adelante Reglas de Litigación Compleja). Este caso nos permite, por primera vez, interpretar las disposiciones de las Reglas de

---

[3] Por otro lado, no podemos castigar a una parte por ser cautelosa y proactiva al cumplir con los términos de las Reglas de Procedimiento Civil, *supra*. La diligencia de Wyeth en velar por no incumplir con los términos procesales, no puede traducirse a una renuncia a sus reclamos, particularmente cuando los ha levantado consistentemente desde que se presentó la Demanda Enmendada. No podemos permitir que las normas procesales de nuestro ordenamiento se interpreten de forma tal que se convierta el proceso judicial en un campo minado, en donde las partes se enfrentan en un juego para ver quién cae en una trampa primero.

Litigación Compleja en cuanto a recursos apelativos de casos certificados como complejos.

El 30 de junio de 1999 adoptamos las Reglas de Litigación Compleja en virtud de nuestro poder inherente para establecer los mecanismos necesarios para la mejor administración de los procedimientos judiciales. *In re R. Casos Civ. Litig. Compleja,* 148 D.P.R. 932, 936 (1999). "Su propósito es establecer el trámite administrativo de todo procedimiento de carácter civil que sea declarado como un caso de litigación compleja". *López v. Baxter,* 163 D.P.R. 628, 636 (2005). Debe recordarse que estas reglas sirven como normas supletorias a las Reglas de Procedimiento Civil, *supra*, por lo cual deben interpretarse de manera consistente entre sí. *Íd.*

Debido a la naturaleza de los casos sujetos a las Reglas de Litigación Compleja, estas regulan de forma restrictiva la manera en que pueden ser apeladas las decisiones de los jueces a cargo de casos complejos. En específico, dispone la Regla 16(c):

> Las partes deberán limitar la presentación de recursos ante el foro apelativo a decisiones finales del tribunal. Los recursos para revisar resoluciones interlocutorias solo se considerarán cuando la decisión o resolución recurrida:
>
> > (1) Trate sobre un asunto de derecho que controla el trámite del caso sobre el cual existen diferencias de interpretación significativas y la petición de revisión ante el foro apelativo puede simplificar la litigación o facilitar el manejo del caso; o

(2) amerite una consideración detenida para el análisis del problema y la etapa del procedimiento en la que se presenta resulta la más propicia para su consideración; o

(3) puede considerarse como que pone fin a una reclamación distinta y separable de otras reclamaciones litigadas en el caso; o

(4) trate sobre un interdicto y se demuestre que la decisión del tribunal puede razonablemente provocar daños serios e irreparables; o

(5) incluye una determinación expresa y clara de que no existe causa que justifique una dilación en la presentación de un recurso apelativo en su contra o una indicación expresa de que la decisión merece revisarse con premura,

(d) Nada de lo dispuesto en el inciso (c) de esta regla impedirá que revisen decisiones interlocutorias que afecten cualquier derecho sustantivo de alguna parte. 4 L.P.R.A. App. XXVII, R. 16.

A tenor con este precepto, y como norma general, las partes en un pleito complejo no pueden recurrir al Tribunal de Apelaciones para revisar asuntos que no sean **decisiones finales** de los jueces a cargo de estos casos. Solo cuando el tribunal revisor entienda que está presente alguna de las excepciones explícitamente reconocidas en la regla, podrá asumir jurisdicción sobre el recurso.

La excepción establecida en la Regla 16(c)(1) permite a los tribunales apelativos revisar decisiones interlocutorias que traten sobre asuntos de derecho que controlen el trámite del caso sobre los que hay diferencias

de criterio. Además, la intervención del foro apelativo debe tener el efecto de agilizar, simplificar o facilitar el manejo del caso complejo.

En el caso de autos, Wyeth recurrió al Tribunal de Apelaciones y solicitó la revisión de la determinación del Tribunal de Primera Instancia que autorizó la Demanda Enmendada presentada ocho (8) años después de la original. El foro apelativo intermedio entendió que podía asumir jurisdicción sobre el recurso interlocutorio, ya que estaban presentes las excepciones reconocidas en la Regla 16(c)(1) y (2).

Coincidimos con la determinación del foro apelativo. La concesión del permiso para presentar una Demanda Enmendada es un asunto de estricto derecho que tiene el efecto de controlar el trámite del caso. Ello es así, ya que de haberse sostenido la determinación del Tribunal de Primera Instancia que autorizó la Demanda Enmendada, esta hubiera regido todo el trámite posterior del caso. A la misma vez, la revisión del Tribunal de Apelaciones en este asunto en particular tuvo el efecto de simplificar la litigación, ya que denegó la inclusión de reclamaciones nuevas y teorías de derecho distintas en un pleito certificado como complejo.

Por ende, no erró el Tribunal de Apelaciones al expedir el recurso de *certiorari* para revisar una

Resolución Interlocutoria en un caso sujeto a las Reglas de Litigación Compleja.[4]

III

A.

Nos corresponde ahora resolver si incidió el Tribunal de Apelaciones al revocar la determinación del juez asignado a este caso complejo que autorizó la presentación de una Demanda Enmendada en el caso de autos. Ello, a pesar de haber transcurrido ocho (8) años desde la presentación de la Demanda original, y ante la alegación de Wyeth de que esa enmienda le causaría perjuicio indebido.

La Regla 13.1 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III R. 13.1, permite a las partes en un pleito enmendar sus alegaciones para incluir cuestiones omitidas o para clarificar reclamaciones. Dicha regla permite la presentación de enmiendas en dos (2) circunstancias particulares.[5]

---

[4] En cuanto al tercer señalamiento de error, entendemos que este no se cometió. De una lectura del recurso de *certiorari* presentado ante el Tribunal de Apelaciones pudimos apreciar que, además de la alegación de la Doctrina de Incuria, Wyeth incluyó como error el que se autorizara la Demanda Enmendada ya que ello le causaría perjuicio indebido.

Por otra parte, no tenemos que abundar en cuanto al cuarto señalamiento de error ya que, al revocar la decisión del Tribunal de Primera Instancia que autorizó la Demanda Enmendada, el trámite del caso de autos estará controlado por la Demanda original. Ante ello, no hay razón para expresarnos en cuanto a la alegada prescripción de reclamaciones que ya no formarán parte del pleito.

[5] La nueva Regla 13.1 de 2009, 32 L.P.R.A. Ap. V R. 13.1, introdujo algunos cambios a esta Regla. Comenta el tratadista Cuevas Segarra que "[l]a intención del Comité Asesor Permanente con su propuesta para esta regla, según enmendada, fue conservar el carácter liberal para la concesión de enmiendas; no obstante se exigió que la solicitud de las

Primero, una parte puede enmendar sus alegaciones una vez en cualquier momento antes de que se le haya notificado una alegación responsiva, o en cualquier momento dentro de los veinte (20) días de haber notificado su alegación, si su alegación es de las que no admiten alegación responsiva. Regla 13.1 de Procedimiento Civil, *supra*. Segundo, se permite que las partes enmienden sus alegaciones en cualquier otra circunstancia, pero únicamente con permiso del tribunal o con anuencia de la parte contraria. *Íd.*

La autorización para enmendar las alegaciones a tenor con esta Regla debe concederse liberalmente. Regla 13.1 de Procedimiento Civil, *supra*; *S.L.G. Font Bardón v. Mini-Warehouse,* 179 D.P.R. 322, 334 (2010). Hemos sido enfáticos en que existe una clara política pública en nuestro ordenamiento de que los casos se deben ventilar en sus méritos, *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 D.P.R. 115, 124 (1992), por lo cual las Reglas favorecen la autorización de las enmiendas a las alegaciones. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. J.T.S., 2011, T. II, pág. 592.

---

enmiendas a las alegaciones debiera estar acompañada con la enmienda propuesta . . . Además, se derogó la restricción establecida en la Regla de 1979, la cual limitaba a la parte demandante enmendar la demanda en una sola ocasión antes de que la parte demandada presentara su alegación responsiva; normativa todavía parcialmente vigente en la jurisdicción federal". J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. J.T.S., 2011, T. II, pág. 591. Por no ser contradictoria con esos cambios, la norma pautada en la presente opinión es de aplicación a la interpretación de la Regla 13.1 de Procedimiento Civil de 2009, *supra*.

Por ende, los tribunales poseen amplia facultad discrecional para decidir si permiten la enmienda a una alegación, inclusive en etapas adelantadas de los procedimientos. J. A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, Colombia, [S. Ed.], 2010, pág. 116. Solo ante la presencia de manifiesto perjuicio a la parte contraria o claro abuso de discreción al autorizar la enmienda procede la revocación de la determinación del juez. *S.L.G. Font Bardón v. Mini-Warehouse*, supra, pág. 334; *Neca Mortg. Corp. v. A&W Dev. S.E.*, 137 D.P.R. 860, 868 (1995).

No obstante, a pesar de que las Reglas de Procedimiento Civil favorecen un enfoque liberal a la autorización de enmiendas a las alegaciones, esta liberalidad no es infinita. *S.L.G. Font Bardón v. Mini-Warehouse*, supra; *Romero v. S.L.G. Reyes*, 164 D.P.R. 721, 730 (2005); *Epifanio Vidal, Inc. v. Suro*, 103 D.P.R. 793, 796 (1976). Para demarcar el ámbito de discreción de los tribunales, hemos establecido cuatro (4) elementos que deben tomarse en consideración al momento de decidir si se autoriza una enmienda. Estos elementos son "(1) el impacto del tiempo trascurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada". *S.L.G. Sierra v. Rodríguez*, 163 D.P.R. 738, 748 (2005).

Estos factores no operan de modo aislado, por lo cual hemos adoptado un enfoque dinámico mediante el cual deben considerarse los cuatro (4) conjuntamente. *S.L.G. Font Bardón v. Mini-Warehouse*, *supra*, pág. 335; *S.L.G. Sierra v. Rodríguez*, *supra*. Véase también J.A. Cuevas Segarra, *op. cit.*, T. II, pág. 594. Este enfoque dinámico significa que el paso del tiempo, **por sí solo**, no obliga a los tribunales a negar el permiso para enmendar las alegaciones. *S.L.G. Font Bardón v. Mini-Warehouse*, *supra*.

Sin embargo, recientemente reiteramos que "[e]l factor que resulta de mayor relevancia al momento de evaluar una solicitud de autorización para enmendar las alegaciones es el perjuicio que puede causarse a la parte contraria". *S.L.G. Font Bardón v. Mini-Warehouse*, *supra*. A tales efectos, el tratadista Cuevas Segarra señala que "cuando la propuesta enmienda altera radicalmente el alcance y naturaleza del caso, con un consecuencial cambio, convirtiendo la controversia inicial, en tangencial, el permiso debe ser denegado, pero ello no significa que no se puedan adicionar nuevas teorías o nuevas reclamaciones." Cuevas Segarra, *op. cit.*, T. II, pág. 594.

De manera que, independientemente de la etapa en que se presente la propuesta enmienda o que se incluyan en esta nuevas teorías o reclamaciones, los tribunales deben ponderar con especial énfasis el perjuicio que dicha enmienda podría causarle a la otra parte. *S.L.G. Sierra v.*

*Rodríguez*, *supra*, pág. 749; *Romero v. S.L.G. Reyes, supra,* pág. 731; *Torres Cruz v. Municipio de San Juan*, 103 D.P.R. 217, 220 esc. 1 (1975).

En cuanto a qué constituye perjuicio indebido para propósitos de este precepto, nos hemos expresado en varias ocasiones. No obstante, hemos enfocado nuestro análisis en pautar normas en cuanto a situaciones que **no** constituyen perjuicio indebido. Así por ejemplo, hemos dicho que un mero cambio de teoría en las alegaciones no constituye perjuicio indebido. *S.L.G. Font Bardón v. Mini-Warehouse*, *supra*, pág. 336. Tampoco lo es, **por sí solo**, el tiempo transcurrido entre la presentación de la alegación original y su propuesta enmienda. *S.L.G. Sierra v. Rodríguez*, *supra*, pág. 749.

Ante ello, aún persisten dudas en cuanto al significado de **perjuicio indebido** para propósitos de la Regla 13.1. El profesor Vázquez Irizarry comenta que:

> Este criterio de por sí introduce preguntas interesantes en cuanto a qué significa y cuál es su alcance. Después de todo, alguien podría razonablemente afirmar que toda enmienda a las alegaciones ocasionará un perjuicio a la parte contraria pues el objetivo de quien la presenta no es otro que adelantar su causa dentro del litigio. W. Vázquez Irizarry, *Procedimiento Civil*, 75 Rev. Jur. U.P.R. 165, 197 (2006).

Más adelante, continúa comentando el profesor que:

> [P]odemos colegir que el perjuicio al que se refiere la Regla 13.1 como límite a la concesión liberal de autorización para enmendar, más que un efecto sustantivo negativo sobre la otra parte, lo que pretende evitar es el efecto negativo de

carácter eminentemente procesal. De ahí que la clave sea que el perjuicio, para operar como freno a la enmienda, debe ser *indebido* en el sentido de que coloque a la parte contraria en una situación de desventaja respecto a lo que es el trámite ordenado del litigio. *Íd.*

Para propósitos de enriquecer nuestro análisis del factor perjuicio indebido, consideramos pertinente analizar la jurisprudencia que ha interpretado la Regla 15 de Procedimiento Civil Federal, 28 U.S.C. R.15, la cual es equivalente, en parte, a la Regla 13.1 nuestra. Véase Informe de Reglas de Procedimiento Civil, Comité Asesor Permanente de Reglas de Procedimiento Civil, pág. 176.

### B.

Al igual que en nuestra jurisdicción, en el ámbito federal se fomenta un enfoque liberal al momento de conceder enmiendas a las alegaciones. Regla 15 de Procedimiento Civil Federal, *supra*; 6 Wright, Miller and Kane, *Federal Practice and Procedure*: Civil 3d Sec. 1471 (2010). Sin embargo, cónsono con nuestras posturas, el Tribunal Supremo Federal ha resuelto que la liberalidad que promueve la regla no es infinita. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

La jurisprudencia federal también considera que el elemento principal para denegar enmiendas a las alegaciones es el perjuicio indebido. Véase *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-331 (1971); Wright, Miller and Kane, *supra*, pág. 701. La dilación indebida del promovente de la enmienda también se toma en

consideración y, a diferencia de nuestros precedentes, puede ser factor por sí solo para denegar su autorización. Cuevas Segarra, *op. cit.*, T. II, pág. 601; 3 Moore's Federal Practice Sec. 15.15[2] (2011).

En cuanto a qué constituye perjuicio indebido, los tribunales federales han ponderado diversos factores. Por ejemplo, se ha analizado la posibilidad de que la parte que se opone a la enmienda tenga que incurrir en gastos adicionales y preparación nueva para enfrentarse a las alegaciones enmendadas; si la parte que propone la enmienda ha tenido múltiples oportunidades para presentar sus enmiendas; y la futilidad de las nuevas causas de acción. Wright, Miller and Kane, *supra*, págs. 713-727, 732-746.

Diversos tribunales federales han determinado que enmiendas a las alegaciones causan perjuicio indebido si la parte opuesta a la enmienda tiene que alterar su estrategia en el litigio, incurrir en nuevo descubrimiento de prueba o si la enmienda complicaría el caso de manera inapropiada, atrasando así la disposición del mismo. Véase *Acosta-Mestre v. Hilton Intern. of Puerto Rico*, 156 F.3d 49, 52 (1er Cir. 1998); *Bell v. Allstate Life Ins*. Co., 160 F.3d 452, 454 (8vo. Cir. 1998); *United States v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6to Cir. 1995); *Block v. First Blood Associates*, 988 F.2d 344, 350 (2do Cir. 1993); *Ross v. Houston Independent School Dist.*, 699 F.2d 218, 229 (5to Cir. 1983).

Como hemos mencionado, los tribunales federales han prestado especial énfasis a las previas oportunidades que hayan tenido las partes para enmendar sus alegaciones y a la tardanza indebida en presentarlas. Inclusive, el principio de economía judicial ha sido considerado como factor para denegar enmiendas a las alegaciones. "A court should consider judicial economy and its ability to manage the case. In determining the impact of granting leave on judicial economy, a court should consider how the amendment would affect the use of judicial resources and the impact on the judicial system." 3 Moore's Federal Practice Sec. 15.15[1] (2011).

C.

Nos parecen apropiados algunos de los factores que han sido desarrollados por la jurisprudencia federal para determinar el perjuicio indebido que se le puede ocasionar a la parte que se opone a una solicitud de enmienda. Ya hace décadas habíamos adoptado varios de estos postulados, inclusive el impacto que podría tener la enmienda en la pronta adjudicación del litigio. *Epifanio Vidal, Inc. v. Suro, supra,* pág. 796.

En reiteradas ocasiones hemos expresado que una parte no tiene derecho a que su pleito tenga vida eterna en los tribunales, manteniendo así a la otra parte en un constante estado de incertidumbre. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 D.P.R. 345, 369 (2003); *Mun. de Arecibo*

*v. Almac. Yakima*, 154 D.P.R. 217, 221-222 (2001). Mucho se ha comentado sobre el efecto de la demora en la resolución de casos en nuestros tribunales y el efecto adverso que tiene en la administración de la justicia. Véase D. Helfed, *El Seminario sobre la Demora Judicial: Diseño, Resultados y Recomendaciones*, 77 Rev. Jur. U.P.R. 891 (2008). A tenor con nuestra jurisprudencia, hoy enfatizamos que los tribunales deben tomar en consideración el efecto que puede tener en la economía judicial la solicitud de enmienda a las alegaciones.

A pesar de que tanto las Reglas de Procedimiento Civil estatales y federales adoptan un enfoque liberal para la autorización de enmiendas, la parte que propone una enmienda debe ser diligente en su causa para así aprovecharse del liberalismo de la regla. Véase *U.S. v. Midwest Suspension and Brake*, supra. Aun cuando hemos dicho que el perjuicio indebido es el factor determinante al momento de decidir si se autoriza una enmienda, ello no significa que, *de facto*, ese es el único factor que los tribunales deben analizar. El que una enmienda no cause perjuicio indebido a la parte que se opone a esta, no significa que los tribunales están exentos de considerar los demás factores que hemos reconocido en nuestra jurisprudencia, inclusive el tiempo que ha pasado entre la presentación de la Demanda y la propuesta enmienda.

Ahora bien, sería un ejercicio en futilidad establecer con exactitud cuál es un plazo razonable para presentar una enmienda a las alegaciones, ya que ello depende de las circunstancias particulares de cada caso. No obstante, mientras más tiempo transcurra entre el momento en que se pudo haber presentado la enmienda y el momento en que efectivamente se presentó, más probable será concluir que hubo dilación indebida lo cual, sumado al análisis de los demás factores reconocidos en nuestra jurisprudencia, debe traducirse a que no se autorice la misma. Véase Wright, Miller and Kane, *supra*, pág. 764.

En resumen, reiteramos que los tribunales gozan de discreción para conceder enmiendas a las alegaciones, y deben hacerlo liberalmente. Ahora bien, al momento de ponderar si autoriza una enmienda, deben tomar en consideración **en conjunto** los factores enumerados en nuestra opinión de *S.L.G. Sierra v. Rodríguez, supra.* El factor de mayor relevancia es el perjuicio indebido que la enmienda pueda causar a la parte contraria, pero ello no significa que los demás factores no deban ser considerados. Ocurre perjuicio indebido cuando la enmienda: 1) cambia sustancialmente la naturaleza y alcance del caso, convirtiendo la controversia inicial en tangencial y/o 2) obliga a la parte contraria a incurrir en nuevos gastos, alterar su estrategia en el litigio o comenzar nuevo descubrimiento de prueba.

IV

Analizadas las normas con relación a las enmiendas a las alegaciones, procedemos a aplicarlas a la controversia de autos.

La Demanda original en este pleito fue presentada el 14 de abril de 1998 y no es hasta ocho (8) años después que se presenta la Demanda Enmendada. Después de haber realizado un estudio detenido y ponderado de ambas Demandas, pudimos constatar patentes diferencias entre estas en cuanto a los reclamos de los peticionarios contra Wyeth. Las diferencias llegan a tal punto que la Demanda Enmendada modifica tan marcadamente la original, que convierte el pleito en uno distinto. Veamos.

La Demanda original de 1998 era una reclamación de horas y salarios. En esta exclusivamente se le reclamó a Wyeth por alegadamente reducir de forma ilegal el periodo de tomar alimentos de una hora a media hora, por obligar a empleados a trabajar durante ese periodo, por horas trabajadas en exceso de ocho diarias, y por séptimos días de trabajo consecutivos. La teoría legal en cuanto al periodo de tomar alimentos se enfocaba en que Wyeth alegadamente había reducido dicho periodo para su propia conveniencia y que obligaba a algunos empleados a tomar sus

alimentos en su lugar de trabajo, para que así supervisaran las máquinas que operaban.

Por su parte, la Demanda Enmendada presenta un pleito distinto. De entrada, se incorporan **por primera vez** reclamaciones por vacaciones no disfrutadas o fraccionadas, por no pagarse el Bono de Navidad adecuadamente y por no calcularse el diferencial de salario al momento de pagarse horas extras. En cuanto a la reclamación por horas extras y por el periodo de tomar alimentos, la Demanda Enmendada altera radicalmente la teoría legal.

Mediante la enmienda, se añade una reclamación conocida en la esfera federal como "*donning and doffing*". Véase *Franklin v. Kellog Co.,* 619 F.3d 606 (6to Cir. 2010). En esencia, con la enmienda se le reclama a Wyeth horas extras no pagadas por el periodo de tiempo que le tomaba a su empleados desvestirse y ponerse la vestimenta especial que necesitaban para operar en su lugar de trabajo. Según la enmienda, Wyeth les requería a sus empleados arribar a sus lugares de trabajo entre quince (15) y veinte (20) minutos antes de la hora del comienzo del turno para que pudieran vestirse. A la misma vez, les tomaba la misma cantidad de tiempo quitarse dicha vestimenta especial al concluir su jornada laboral.

La enmienda también altera la teoría legal en cuanto al periodo de tomar alimentos. Mediante esta se alega que Wyeth redujo dicho periodo ilegalmente al no presentar una

solicitud administrativa de reducción de periodo en el Departamento del Trabajo y Recursos Humanos. Además, se alega que Wyeth solo le permitía a sus empleados quince (15) minutos para tomar alimentos, ya que de la media hora disponible, tenían que perder la mitad al verse obligados a cambiarse de ropa, asearse y caminar hasta la cafetería. En cuanto a dicha cafetería, la Demanda Enmendada alega que la misma era operada de forma ilegal por Wyeth ya que no contaba con una certificación de precios razonables de la Junta de Salario Mínimo.[6]

Conforme a lo anteriormente esbozado, es forzoso concluir que la Demanda Enmendada no tuvo el efecto de solo ampliar las reclamaciones de la Demanda original, según sostienen los peticionarios. Se trata en realidad de una enmienda que presenta reclamaciones distintas y nuevas teorías legales que se basan en hechos diferentes a los que fueron alegados en la Demanda original. Ello tuvo el efecto de convertir la Demanda inicial en tangencial a la enmendada. Como ya vimos, es esa precisamente una de las situaciones en la cual los tribunales deben negar el permiso para enmendar las alegaciones. Véase Cuevas Segarra, *op. cit.*, T. II, pág. 594 y *S.L.G. Font Bardón v. Mini-Warehouse*, *supra*, págs. 335-336.

---

[6] La Demanda Enmendada presentada en el caso de autos es similar a la Demanda presentada en el pleito *De León v. Wyeth*, Civil Núm. GPE98-0024, el cual se trató de consolidar con este sin éxito a nivel del Tribunal de Primera Instancia.

Por otro lado, permitir la Demanda Enmendada y el cambio radical al pleito que esta introduciría le causaría un incuestionable perjuicio a Wyeth. Luego de litigar un pleito por ocho (8) años, Wyeth tendría que alterar su estrategia legal e incurrir en nuevos gastos de descubrimiento de prueba para atender las nuevas reclamaciones.[7] A la misma vez, tendría que invertir recursos en investigar expedientes de personal de hace décadas para así presentar mociones dispositivas para cada uno de los nuevos demandantes e interventores que podrían tener sus causas de acción prescritas.[8]

*A contrario sensu*, los peticionarios plantean que Wyeth no puede alegar sufrir perjuicio indebido ya que desde que se trató de consolidar el caso de autos con el pleito *De León v. Wyeth*, *supra*, se les puso en conocimiento de la existencia de las reclamaciones que ocho (8) años después fueron incluidas en la Demanda Enmendada. No nos convence ese argumento. Las alegaciones de un pleito no se

---

[7] Los peticionarios alegan que no existe potencial perjuicio indebido para Wyeth, ya que el 15 de junio de 2010 los procedimientos en el caso de autos fueron paralizados al llegar las partes a un "consenso de acuerdo transaccional". Véase Petición de *Certiorari*, págs. 21-22. Sin embargo, las partes llegaron al acuerdo conscientes de que la controversia en cuanto a la procedencia de la Demanda Enmendada todavía estaba por resolverse. Por otra parte, este Tribunal está obligado a resolver los casos que hasta aquí lleguen conforme al Derecho aplicable, y no nos parece apropiado tomar en consideración – ni que se nos ponga en posición de considerar- las conversaciones y circunstancias de un acuerdo transaccional a la hora de disponer de las controversias, particularmente cuando nuestro ordenamiento no favorece su uso. Véase Regla 408 de Evidencia, 32 L.P.R.A. Ap. VI R. 408.

[8] Los propios peticionarios admiten que las reclamaciones de diecisiete (17) demandantes añadidos en la Demanda Enmendada podrían tener sus reclamaciones prescritas. Véase Petición de *Certiorari*, pág. 37.

transmiten a otro por osmosis, por lo cual no podemos sostener que un demandado está sujeto a que se enmienden las alegaciones de un caso por lo que sucedió en otro sin tomar en consideración el tiempo transcurrido entre los eventos.

Por otra parte, nos parece que los peticionarios presentaron la enmienda en un momento irrazonablemente tardío. Precisamente si alegan que tenían conocimiento de las nuevas causas de acción desde que se intentó consolidar el caso de autos con el de *De León v. Wyeth*, *supra*, en 1998, ¿por qué esperaron casi una década para enmendar la Demanda? Ya dijimos que las partes tienen que ser diligentes si quieren ampararse en el liberalismo de la Regla 13.1 de Procedimiento Civil. Permitir la Demanda Enmendada en el caso de autos tendría el efecto de alargar el litigio y complicarlo aún más, a pesar de que el mismo ya está certificado como uno complejo.

Los peticionarios también sostienen que el caso de autos plantea una situación similar a la resuelta en *S.L.G. Font Bardón v. Mini-Warehouse*, *supra*. En ese pleito, se presentó una Reconvención ocho (8) años después de ocurridos los hechos que motivaron la Demanda original. En esa ocasión sostuvimos que la Reconvención compulsoria podía ser presentada mediante una enmienda a las alegaciones a pesar del tiempo transcurrido, ya que la misma surgía de los mismos hechos que motivaron la Demanda

original **y no alteraba radicalmente la naturaleza del caso.**
*Íd.* pág. 337.

La situación en el caso de autos es distinta. No se trata aquí de una Reconvención compulsoria, ni de eventos que surgen de los mismos hechos que motivaron la presentación de la Demanda original. En este caso los peticionarios enmendaron su Demanda para incluir causas de acción nuevas y para alterar sustancialmente sus teorías, basándola en hechos distintos a los planteados originalmente. Inexplicablemente, esperaron ocho (8) años para incluir reclamaciones que ellos mismos admiten conocían desde casi la misma fecha de la presentación del pleito original. Conforme reseñado, los cambios de la Demanda Enmendada alteraron la naturaleza del pleito original, por lo cual no es de aplicación el resultado al que llegamos en *S.L.G. Font Bardón v. Mini-Warehouse*, *supra*.

En conclusión, no incidió el Tribunal de Apelaciones en su determinación de revocar la determinación del Tribunal de Primera Instancia que autorizó la Demanda Enmendada presentada ocho (8) años después de haber comenzado este pleito.[9]

V

---

[9] Habiendo resuelto que no procede la autorización de la Demanda Enmendada, resulta innecesario atender el sexto error planteado por los peticionarios.

Por los fundamentos antes expuestos, se confirma el dictamen del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de manera consistente a lo resuelto en esta Opinión.

Se dictará sentencia de conformidad.

Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José J. Colón Rivera y Otros

    Peticionarios

       v.

Wyeth Pharmaceuticals, Co.,
antes Ayerst-Wyeth
Pharmaceuticals, Inc. y ahora
Pfizer Pharmaceuticals, LLP.

    Recurridos

Certiorari

CC-2010-0890

SENTENCIA

En San Juan, Puerto Rico, a 4 de enero de 2012.

Por los fundamentos antes expuestos, se confirma el dictamen del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de manera consistente a lo resuelto en la Opinión que antecede.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres está conforme y hace constar la siguiente expresión:

> El Juez Asociado señor Martínez Torres vota conforme porque no se impugnó la posible inconstitucionalidad de las Reglas para Casos Civiles de Litigación Compleja (1995), 4 L.P.R.A. Ap. XXVII, reglas de procedimiento que no fueron enviadas a la Asamblea Legislativa como lo ordena el Art. V, Sec. 6 de la Constitución de Puerto Rico, L.P.R.A., Tomo 1. Véase la Opinión Disidente del Juez Asociado señor Rivera Pérez en <u>López v. Baxter</u>, 163 D.P.R. 628, 647 esc. 4 (2005).

La Jueza Asociada señora Fiol Matta disiente y hace constar la siguiente expresión:

La Jueza Asociada señora Fiol Matta disiente por entender que el Tribunal de Primera Instancia actuó dentro de su discreción al permitir la Demanda Enmendada. No debe perderse de perspectiva que la acción instada fue certificada como un litigio complejo, lo que requiere un marcado grado de deferencia de los tribunales apelativos hacia el foro primario sobre cómo mejor atender el caso. En los pleitos de esta naturaleza, el análisis de los factores sobre enmiendas a las alegaciones, particularmente los de dilación y perjuicio indebido, no debe ser igual a los casos civiles ordinarios. La gran cantidad de demandantes, la sustancia de las reclamaciones y el desarrollo procesal de la controversia justifican la acción del Tribunal de Primera Instancia. Si bien éste no estaba obligado a aceptar la Demanda Enmendada, tenía suficiente discreción para así hacerlo. La parte recurrida no ha demostrado satisfactoriamente que cualquier perjuicio en su contra derrote el derecho de los demandantes a presentar las causas de acción que nuestro ordenamiento les ha concedido, sobre todo cuando muchas de éstas no han prescrito.


Larissa Ortiz Modestti
Secretaria del Tribunal Supremo, Interina